24–1201

_____

# United States Court of Appeals for the Federal Circuit

_____

EscapeX IP, LLC,

*Plaintiff-Appellant,*

v.

Google LLC,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the Northern District of California
in no. 3:22-cv-08711-VC, Judge Vince Chhabria

_____

## Appellee's Response Brief

_____

Dan L. Bagatell
Perkins Coie LLP
3 Weatherby Road
Hanover, New Hampshire 03755
(602) 351-8250
DBagatell@perkinscoie.com

Jonathan I. Tietz
Perkins Coie LLP
700 13th Street N.W., Suite 800
Washington, D.C. 20005
(202) 654-6200
JTietz@perkinscoie.com

*Counsel for Google LLC*

June 17, 2024

**REPRESENTATIVE CLAIM ON APPEAL**

**U.S. Patent No. 9,009,113:**

1. A computer implemented method for updating a dynamic album that includes a set of songs stored in relation to and played by ***an artist specific application associated with an artist***, the method being implemented on a user device having one or more physical processors programmed with computer program instructions that, when executed by the one or more physical processors, cause the user device to perform the method, the method comprising:

receiving, by the user device, one or more album parameters that specify a change to be made to the dynamic album that includes a plurality of songs, wherein ***the dynamic album is stored via information encoding the plurality of songs at the user device in association with the artist specific application*** that plays the dynamic album at the user device;

accessing, by the user device, the information encoding the plurality of songs responsive to receipt of the one or more album parameters;

modifying, by the user device, the information encoding the plurality of songs based on the one or more album parameters to change the dynamic album without intervention by a user of the user device;

storing, by the user device, the modified information encoding the plurality of songs at the user device; and

playing, by the user device, at least some of the dynamic album through the artist specific application based on the modified information encoding the plurality of songs at the user device.

Appx58-59 (emphasis added).

## CERTIFICATE OF INTEREST

I certify that the information below is complete to the best of my knowledge.

Date: June 17, 2024        Signature:   /s/Jonathan I. Tietz

Name:        Jonathan I. Tietz

| 1. Represented Entity | 2. Real Party in Interest | 3. Parent Corporations and 10% Stockholders |
|---|---|---|
| Google LLC | none | XXVI Holdings Inc.; Alphabet Inc. |

| 4. Other Legal Representatives | |
|---|---|
| Slayden Grubert Beard PLLC: | Brian Christopher Banner |
| | Darryl Adams |
| | Nellie Slayden |
| | Tecuan Flores |
| | Truman H. Fenton |
| | Valerie Barker |
| Kwun Bhansali Lazarus LLP: | Asim M. Bhansali |
| | Kate Ellis Lazarus |
| | Scott Taylor |

| **5. Related Cases**<br>**(Notice of Related Case Information filed at Dkt. 16)** |
| --- |
| *Google LLC v. EscapeX IP, LLC,*<br>    No. D-1-GN-24-00391 (Tex. 250th Dist. Ct.)<br><br>*Google LLC v. Ramey,*<br>    No. 2024-14200 (Tex. 61st Dist. Ct.) |

<br>

| **6. Organizational Victims and Bankruptcy Cases** |
| --- |
| none |

# TABLE OF CONTENTS

Representative Claim on Appeal.........................................inside cover

Certificate of Interest ....................................................... i

Table of Authorities ......................................................... v

Table of Abbreviations and Conventions .....................................x

Statement of Related Cases ................................................. xi

Introduction ...............................................................1

Issues Presented ......................................................... 2

Statement of the Case ................................................... 4

    A.   EscapeX litigated a frivolous case. ............................................ 4

        1.   EscapeX first accused a mix of features from two different products, and then accused a product that predated the asserted patent. ............................................... 4

        2.   EscapeX pressed its case despite Google's repeated explanations that the case was frivolous. .......................... 6

        3.   EscapeX stipulated to dismissal only after another district court held the asserted patent invalid....................7

    B.   Google sought attorneys' fees under § 285 based on EscapeX's frivolous infringement case....................................... 9

    C.   EscapeX and its counsel moved to modify the judgment based on declaration evidence that was supposedly "newly discovered." ...............................................13

    D.   Google sought further attorneys' fees under § 1927 based on EscapeX's frivolous Rule 59(e) motion and refusal to withdraw it. ...............................................16

Summary of Argument .................................................................21

Standards of Review ................................................................... 24

Argument .................................................................................... 25

I. The district court did not abuse its discretion in awarding fees under § 285 based on EscapeX's frivolous claims and unreasonable litigation behavior. ....................................... 25

A. The district court did not abuse its discretion in finding that EscapeX's infringement theories were frivolous. ..............27

B. The district court did not abuse its discretion in finding that EscapeX litigated unreasonably. ....................................... 33

C. EscapeX's other arguments also fail to show an abuse of discretion. ................................................................................ 38

II. The district court did not abuse its discretion in denying EscapeX's motion to amend the § 285 award. ................................. 42

A. EscapeX's Rule 59(e) motion undisputedly lacked "newly discovered evidence." .................................................. 43

B. EscapeX's "manifest injustice" argument is both forfeited and meritless. ........................................................... 44

III. The district court did not abuse its discretion in sanctioning EscapeX's counsel under § 1927. .......................................................51

A. EscapeX's counsel at least recklessly persisted in their frivolous motion to amend the first fees award.........................51

B. EscapeX fails to show any abuse of discretion.......................... 52

Conclusion.................................................................................. 58

Certificate of Compliance with Type–Volume Limitation ............................. 59

# Table of Authorities

**Cases**                                                      **Pages**

*Ajinomoto Co. v. ITC,*
597 F.3d 1267 (Fed. Cir. 2010) ................................................................. 29

*Allstate Ins. Co. v. Herron,*
634 F.3d 1101 (9th Cir. 2011) ................................................................. 42

*B.K.B. v. Maui Police Dep't,*
276 F.3d 1091 (9th Cir. 2002) ............................................................. 51, 53

*Browning v. Kramer,*
931 F.2d 340 (5th Cir. 1991) ................................................................. 53

*Caputo v. Tungsten Heavy Powder, Inc.,*
96 F.4th 1111 (9th Cir. 2024) ............................................................. 53, 57

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.,*
858 F.3d 1371 (Fed. Cir. 2017) ................................................................. 41

*Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,*
833 F.2d 208 (9th Cir. 1987) ................................................................. 43

*CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.,*
916 F.3d 1350 (Fed. Cir. 2019) ................................................................. 24

*Commil USA, LLC v. Cisco Sys., Inc.,*
575 U.S. 632 (2015) ................................................................. 41

*Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC,*
597 F.3d 1374 (Fed. Cir. 2010) ................................................................. 57

*Duarte v. Bardales,*
526 F.3d 563 (9th Cir. 2008) ............................................................. 46, 47

*Energy Heating, LLC v. Heat On-the-Fly, LLC,*
889 F.3d 1291 (Fed. Cir. 2018) ................................................................. 26

*Eon-Net LP v. Flagstar Bancorp,*
653 F.3d 1314 (Fed. Cir. 2011) ......................................................... 36, 53, 56

*EscapeX IP LLC v. Block, Inc.*,
  652 F. Supp. 3d 396 (S.D.N.Y. 2023) ...................................................... 4, 8, 34

*Evans Cooling Sys., Inc. v. Gen. Motors Corp.*,
  125 F.3d 1448 (Fed. Cir. 1997)......................................................... 28, 30, 33

*Exxon Shipping Co. v. Baker*,
  554 U.S. 471 (2008) .........................................................16, 44, 45, 54

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  582 F.3d 1288 (Fed. Cir. 2009)................................................................ 45

*Girardi, In re*,
  611 F.3d 1027 (9th Cir. 2010)...........................................................51, 52, 53

*GoE3 LLC v. Eaton Corp.*,
  798 F. App'x 998 (9th Cir. 2020) ............................................................ 45

*Gust, Inc. v. Alphacap Ventures, LLC*,
  905 F.3d 1321 (Fed. Cir. 2018) .............................................................. 40

*Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*,
  572 U.S. 559 (2014)..........................................................24, 38, 40

*Ibrahim v. U.S. DHS*,
  912 F.3d 1147 (9th Cir. 2019) ................................................................ 58

*Intirtool, Ltd. v. Texar Corp.*,
  369 F.3d 1289 (Fed. Cir. 2004)................................................................ 24

*Kao Corp. v Unilever U.S., Inc.*,
  441 F.3d 963 (Fed. Cir. 2006) ................................................................ 45

*Kaufmann v. Kijakazi*,
  32 F.4th 843 (9th Cir. 2022).................................................................. 25

*Keegan Mgmt. Co., In re*,
  78 F.3d 431 (9th Cir. 1996).................................................................. 53

*Lozano v. Montoya Alvarez*,
  572 U.S. 1 (2014) ........................................................................ 47

*Lumen View Tech. LLC v. Findthebest.com, Inc.,*
  811 F.3d 479 (Fed. Cir. 2016)...................................................................... 38

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.,*
  676 F. App'x 967 (Fed. Cir. 2017).............................................................. 33

*Nobelpharma AB v. Implant Innovations, Inc.,*
  141 F.3d 1059 (Fed. Cir. 1998) .................................................................. 39

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
  572 U.S. 545 (2014)......................................................... 26, 33, 38, 41

*Oplus Techs., Ltd. v. Vizio, Inc.,*
  782 F.3d 1371 (Fed. Cir. 2015) .................................................................. 25

*Palmer v. Hoffman,*
  318 U.S. 109 (1943)...................................................................................... 49

*Peters v. Active Mfg. Co.,*
  129 U.S. 530 (1889)...................................................................................... 28

*Phonometrics, Inc. v. Westin Hotel Co.,*
  319 F.3d 1328 (Fed. Cir. 2003) ..................................................................31

*Phonometrics, Inc. v. Westin Hotel Co.,*
  350 F.3d 1242 (Fed. Cir. 2003)................................................................... 25

*Plestina v. Baetz,*
  225 F. App'x 470 (9th Cir. 2007) ............................................................... 46

*Rothschild Connected Devices Innovations, LLC*
  *v. Guardian Protection Servs., Inc.,*
  858 F.3d 1383, 1390 (Fed. Cir. 2017) ....................................................... 36

*Sage Prods., Inc. v. Devon Indus., Inc.,*
  126 F.3d 1420 (Fed. Cir. 1997)...................................................................31

*School Dist. No. 1J v. ACandS, Inc.,*
  5 F.3d 1255 (9th Cir. 1993) ................................................................. 16, 43

*Sensonics, Inc. v. Aerosonic Corp.,*
  81 F.3d 1566 (Fed. Cir. 1996)..................................................................... 35

*SFA Sys., LLC v. Newegg Inc.,*
 793 F.3d 1344 (Fed. Cir. 2015) ....................................................... 36

*Stitt v. Williams,*
 919 F.2d 516 (9th Cir. 1990)........................................................ 54

*ThermoLife Int'l LLC v. GNC Corp.,*
 922 F.3d 1347 (Fed. Cir. 2019)........................................ 30, 33, 38

*Trulis v. Barton,*
 107 F.3d 685 (9th Cir. 1995).....................................................25, 53

*United Cannabis Corp. v. Pure Hemp Collective Inc.,*
 66 F.4th 1362 (Fed. Cir. 2023)...................................................... 25

*Vanmoor v. Wal-Mart Stores, Inc.,*
 201 F.3d 1363 (Fed. Cir. 2000) ........................................ 28, 30, 33

*Vega v. Comm'r of Social Sec. Admin.,*
 472 F. App'x 827 (9th Cir. 2012) ................................................. 46

*Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.,*
 979 F.3d 1209 (9th Cir. 2020) ................................... 43, 45, 54, 55

*WPEM, LLC v. SOTI Inc.,*
 837 F. App'x 773 (Fed. Cir. 2020) ........................................ 28, 41

*Zimmerman v. City of Oakland,*
 255 F.3d 734 (9th Cir. 2001) ................................................. 43, 50

| **Statutes** | **Pages** |
|---|---|

28 U.S.C. § 1927............................................................... *passim*

35 U.S.C. § 101...........................................................7, 10, 14

35 U.S.C. § 285 ............................................................... *passim*

**Rules**                                                    **Pages**

Fed. R. Civ. P. 11 .................................................................... 54

Fed. R. Civ. P. 12 ...................................................................... 6

Fed. R. Civ. P. 59(e) ........................................................... *passim*

## TABLE OF ABBREVIATIONS AND CONVENTIONS

| | |
|---|---|
| Appx__ | appendix page __ |
| BlueBr__ | EscapeX's opening brief at page __ |
| EscapeX | plaintiff-appellant EscapeX IP, LLC |
| Google | defendant-appellee Google LLC |
| (*xx*:*yy-zz*) | column *xx*, lines *yy-zz* |
| '113 patent | U.S. Patent No. 9,009,113 |

## STATEMENT OF RELATED CASES

No other appeal involving the same district-court proceeding was previously before this Court or any other appellate court. This appeal concerns U.S. Patent No. 9,009,113. The Court's decision in this appeal will not affect any other district-court proceedings involving the '113 patent, none of which remain pending.

The fees judgments below are the subject of state-court judgment-enforcement proceedings in *Google, LLC v. EscapeX IP, LLC*, No. D-1-GN-24-000391 (250th Dist. Ct., Texas), and *Google LLC v. Ramey*, No. 2024-14200 (61st Dist. Ct., Texas), both of which will be directly affected by the outcome of this appeal.

Counsel for Google are not aware of any other case pending before this or any other court that may directly affect or be affected by the Court's decision in this appeal.

**INTRODUCTION**

This is an appeal from an attorneys' fees order in which EscapeX urges this Court to change settled law in three unwarranted ways.

First, EscapeX contends that a district court cannot find a case exceptional under 35 U.S.C. § 285 unless the merits of that case were separately adjudicated before the fees motion. That is not the law. Cases may be frivolous from the start and may also be exceptional because of how a party behaved. Here, EscapeX's first amended complaint conflated two different products, and its second amended complaint accused a product that predated the asserted patent, making the asserted claims invalid if they were infringed. Yet EscapeX unreasonably carried on without addressing that issue. To make matters worse, EscapeX filed a false stipulation saying that Google had agreed to a dismissal with the parties to bear their own fees and costs, when, in fact, Google had repeatedly said that it intended to seek fees and costs and had never agreed not to.

Second, EscapeX maintains that a motion to amend a judgment under Rule 59(e) gives a party a second chance to submit evidence and arguments if, in retrospect, it thinks it should have said more the first time around. That too is not the law. The rules of civil procedure do not entitle parties to

mulligans, and Rule 59(e) is meant for truly new evidence and avoiding truly unjust results. After fees briefing was over and fees had been awarded, EscapeX regretted that it did not submit more evidence earlier, but the natural consequences of its own tactical choices did not create manifest injustice.

Third, EscapeX argues that a district court has no discretion to sanction attorneys under 28 U.S.C. § 1927 for recklessly maintaining a frivolous motion absent *additional* misconduct or *further* bad faith. That is not the law, either. Recklessly persisting in a frivolous position is enough to warrant sanctions under Ninth Circuit law. EscapeX's attorneys say their client wanted them to file the motion, but attorneys have the ethical obligation not to file frivolous motions regardless of client requests.

The fees awards should be affirmed.

## ISSUES PRESENTED

1. EscapeX's first infringement theory conflated two distinct products, and its second infringement theory accused a product that predated its patent and therefore anticipated if it infringed. The district court agreed that both problems would have been evident with an adequate pre-suit investigation, and EscapeX's brief did not dispute that it failed to conduct one. The district court also found that EscapeX litigated unreasonably by refusing to

engage with Google, delaying, and submitting a false stipulation.

Did the district court act within its discretion in awarding fees against EscapeX under § 285?

2. EscapeX moved to amend the § 285 award based on two previously unsubmitted declarations of its own employees/contractors. It purported to offer "newly discovered evidence" and did not argue "manifest injustice" as it now claims. As EscapeX concedes, there was no newly discovered evidence; it could have filed those declarations with its opposition to Google's fees motion but chose not to.

Did the district court act within its discretion in denying EscapeX's motion to amend the judgment?

3. EscapeX refused to withdraw or amend its Rule 59(e) motion when Google explained why the motion did not present "newly discovered evidence" and was therefore frivolous. Instead of defending its invocation of that standard, EscapeX shifted justifications at the hearing. The district court found that EscapeX's motion was frivolous and that its counsel were at least reckless in persisting in pursuing it.

Did the district court act within its discretion in awarding fees against EscapeX's counsel under § 1927?

This is an appeal from three orders relating to attorneys' fees. The first order assessed attorneys' fees against EscapeX under 35 U.S.C. § 285 for pursuing a frivolous infringement case and unreasonably litigating it. Appx1-2. The second denied EscapeX's request to amend that award. Appx3. And the third sanctioned EscapeX's counsel under 28 U.S.C. § 1927 for recklessly maintaining the frivolous motion to amend the award. Appx4-6.

### A. EscapeX litigated a frivolous case.

#### 1. EscapeX first accused a mix of features from two different products, and then accused a product that predated the asserted patent.

A month after EscapeX incorporated as a Texas entity, it sued Google in the Western District of Texas, asserting U.S. Patent No. 9,009,113. Appx60; Appx188. The '113 patent covered "artist-specified dynamic albums." Appx18; *see generally EscapeX IP LLC v. Block, Inc.*, 652 F. Supp. 3d 396, 399-400 (S.D.N.Y. 2023). The patent sought to fix perceived problems with the music industry, Appx41 (1:30-2:9); *Block*, 652 F. Supp. 3d at 399, through a "dynamic album" that an artist could change remotely on a user's device after it was downloaded, Appx58-59 (claims 1, 27). The independent claims all recited an "artist specific application," *see* Appx58-59 (claims 1, 14, 27),

– 4 –

which "include[d] music and other content related to the artist," *see* Appx41-42 (2:25-32, 4:56-58). The patent distinguished the claimed "*artist specific application*" from "a single application that streams music from *multiple artists.*" Appx42 (4:60-64) (emphasis added).

EscapeX's first amended complaint, Appx72-77, had a fatal flaw: it accused a mashup of features from two different products—YouTube Music and YouTube Video. Appx74-75 ¶¶ 11-12; Appx79-83. Google sent EscapeX a letter explaining that the complaint was baseless. Appx194-96. Rather than defending its original theory, EscapeX pivoted to a new one. It sent a "claim chart in rebuttal" that abandoned YouTube Music and instead identified YouTube Video with Auto-Add as the accused product. Appx205-11. Two weeks later, EscapeX amended its complaint accordingly. Appx60-71.

EscapeX's new complaint had its own problem: the accused product predated the patent. EscapeX accused YouTube Video's Auto-Add feature. *See, e.g.*, Appx100-01; Appx218-19, Appx221-22, Appx225-26, Appx228, Appx231-32, Appx234-35. EscapeX contended that July 26, 2015, was the "[s]tart of [the] Auto-Add feature," Appx209, Appx221, but Auto-Add was public by June 2014—as simple internet searches would have shown. Appx239-40. Yet EscapeX asserted a priority date of October 2014, four

months later. Appx214. EscapeX also asserted continuing infringement even though the accused feature had been retired. Appx242. Google sent another letter explaining that it could not have infringed because if the accused product practiced the claims, it also anticipated them, Appx239-40, as a reasonable pre-suit investigation would have revealed, Appx238-39.

### 2. EscapeX pressed its case despite Google's repeated explanations that the case was frivolous.

The frivolousness of EscapeX's case stemmed from straightforward facts, but those facts were outside the pleadings. Because Google could not move to dismiss under Rule 12, it instead reached out directly to EscapeX to request that it dismiss the case voluntarily. *E.g.*, Appx201; Appx238.

As discussed above, Google sent EscapeX a letter explaining that the first amended complaint conflated two products. Appx194-96. When EscapeX pivoted to its second theory, Google advised EscapeX of the problems with that allegation. Google sent EscapeX a second letter explaining that if EscapeX had performed a simple internet search, it would have learned that the accused Auto-Add feature predated its asserted patent. Appx239-40. EscapeX did not respond. Appx248. Google followed up five more times, Appx248, Appx250, Appx253, Appx256, but EscapeX failed to justify its

position, Appx250; Appx256; Appx264. Indeed, EscapeX *never* substantively addressed Google's concerns with its *second* amended complaint.

Google's second letter also informed EscapeX that Google intended to move to transfer to the Northern District of California, a clearly more convenient forum. Appx245. Google explained that it "should not have to incur the expenses related to a transfer motion," Appx245, but EscapeX's counsel never responded or provided its position on transfer. So Google was forced to brief the issue. *See* Appx109-27. EscapeX did not respond to Google's transfer motion or conduct venue discovery; indeed, it never took a position on transfer. After EscapeX's briefing deadline elapsed, Google notified the court that EscapeX had not responded, Appx130-31, and the presiding judge (Judge Alan Albright) transferred the case, Appx134-36—calling EscapeX's counsel's "repeated failure to file in a timely manner" before that court "troublesome."

### 3. EscapeX stipulated to dismissal only after another district court held the asserted patent invalid.

EscapeX also sued over half a dozen other defendants. Several of them challenged the '113 patent under 35 U.S.C. § 101. In one case, EscapeX dismissed its complaint after the judge remarked that there were "serious *Alice*

issues." Appx450. In another, the court held the patent invalid. *Block*, 652 F. Supp. 3d 396. EscapeX did not appeal that ruling.

EscapeX's suit against Google was still pending when EscapeX's window to appeal expired in *Block*. Google later sent another letter demanding that EscapeX drop its case. Appx264-65. The next day, EscapeX filed what it styled as a "joint stipulation of dismissal." Appx137. That "stipulation" bore what purported to be an electronic signature of one of Google's counsel, Kate Lazarus. Appx138. But Google had authorized no filing and seen no draft. Appx267. EscapeX's false "stipulation" also said that each party would bear its own fees and costs, Appx138, Appx140, even though Google had repeatedly told EscapeX it intended to seek fees, Appx201; Appx244-45; Appx250; Appx265.

The filing also included an attestation by EscapeX's signing attorney—Susan Kalra, an experienced California-based attorney—that she had obtained consent from Google's counsel to sign it. Appx139. That was false. Appx267. Ms. Kalra later submitted a declaration illustrating that she had *not* verified that she had permission from Google's counsel. Appx438. Her basis for affixing Google's counsel's signature was that she believed Google had consented and thus indiscriminately "included the name of one of Google's

attorneys who had appeared in the case." Appx438 ¶ 5. She also falsely swore that "a different attorney was the person who gave consent." Appx438 ¶ 6. In truth, *no one* representing Google had consented. Appx267. Ms. Kalra never explained why EscapeX thought any Google attorney had consented or why the provision absolving EscapeX of liability for attorneys' fees was slipped in.

Google's counsel demanded that EscapeX withdraw the unauthorized filing and tell the district court that EscapeX had signed and filed it without permission. Appx267. EscapeX withdrew the stipulation but did not tell the court why. Appx142. The parties later agreed to a joint stipulation of dismissal with prejudice that excluded any agreement about fees and costs. Appx144. By that point, the '113 patent had been held invalid for 42 days, and EscapeX had been on notice of its frivolous infringement position for at least seven months.

### B. Google sought attorneys' fees under § 285 based on EscapeX's frivolous infringement case.

After Google prevailed, it sought to recover its attorneys' fees under § 285. Appx152. Google's motion explained why EscapeX's case was frivolous from the start and how EscapeX had kept unreasonably litigating. Appx152.

Google first explained that EscapeX had not undertaken a reasonable pre-suit investigation, which would have revealed the baselessness of its infringement theories. Appx153, Appx164-65. Google also cited other unreasonable conduct. Google explained that EscapeX should have been on notice of its serious § 101 problem. Appx153-54, Appx160-61; Appx244-45. EscapeX had dismissed the case only after prompting by Google. Appx160-61; Appx182-83 ¶ 28. EscapeX had forced Google to brief a transfer motion and incur additional attorneys' fees even though EscapeX never had grounds to oppose transfer and never provided a position. Appx154, Appx159, Appx166-67. EscapeX had continually ignored Google's attempts to discuss the lack of merit to EscapeX's infringement theories. Appx166. And to top it off, EscapeX had filed a false attestation and fee-insulating stipulation without Google's counsel's consent. Appx169; Appx469.

Google also explained that this case was part of a pattern of misbehavior. Appx170-72; Appx469-70. EscapeX filed over half a dozen lawsuits asserting the '113 patent, but it dismissed most of them quickly, before any action on the merits, and did not even serve all those complaints. Appx170. Google also cited a wave of abusive nuisance-value litigation by EscapeX's parent company DynaIP and EscapeX's counsel, including cases in which

courts awarded fees for similar misconduct. Appx170-72 & n.8.

EscapeX insisted that Google was not the prevailing party despite EscapeX's dismissal with prejudice. Appx431. EscapeX spent only two pages contesting that the case was exceptional, and one-and-a-half of those recited the legal standard. Appx432-33. EscapeX did not dispute that it failed to conduct an adequate pre-suit investigation, that its first amended complaint mixed mismatched products, that its second amended complaint accused a feature that predated the asserted patent, that it had not obtained permission to file the falsely signed "joint stipulation," or that it did not substantively respond to Google's communications about its second infringement theory.

EscapeX argued that it dismissed its case "shortly" after its patent was invalidated. Appx433. But it did not dispute that it did so only at Google's insistence. Appx470-71. EscapeX also suggested it did not need to respond to Google's communications unless Google filed a motion, Appx427, Appx429, and characterized Google's position as a claim-construction dispute, Appx471.[1]

---

[1] EscapeX also argued that Google's fees request was too high and vague, Appx434-35, but it does not renew those arguments on appeal.

At the hearing, the district court zeroed in on EscapeX's failure to dispute its lack of an adequate pre-suit investigation. Appx480-81 (3:20-4:8); *see also* Appx483-84 (6:17-7:8). When asked about that, Ms. Kalra responded that she "would respectfully request leave to file a declaration" about what pre-suit investigation EscapeX had performed. Appx484 (7:9-17). The district court responded that EscapeX already had its chance to do that in opposing Google's motion. Appx484 (7:18-24). The court made clear that it was "too late" to "file further declarations or make further arguments" about what investigation it performed. Appx486 (9:8-10). Ms. Kalra said she "[u]nderstood." Appx486 (9:11).

The district court granted Google's fees motion. Appx1-2. It concluded that Google was the prevailing party and found the case exceptional. Appx1. The court found that EscapeX "conducted no serious pre-suit investigation" and that the case was "frivolous from the start." Appx1. It found that Google had placed EscapeX on notice of the infringement case's frivolousness "early and often," but that EscapeX had "pressed on" and waited to dismiss the case. Appx1-2. It found that Google had not consented to the dismissal EscapeX had filed. Appx2. The court classified EscapeX's behavior as "litigation misconduct" and remarked that "[t]he attorneys for EscapeX [were]

– 12 –

lucky that Google did not separately ask the Court to impose sanctions on them." Appx2. Finally, the court noted EscapeX and parent company DynaIP's "history of bringing frivolous suits." Appx2.

The court awarded Google $191,302.18, Appx2, observing that the amount was "facially very reasonable" and that Google had "probably exercised a little bit of mercy," Appx487.

### C.  EscapeX and its counsel moved to modify the judgment based on declaration evidence that was supposedly "newly discovered."

EscapeX moved to amend the fees award under Federal Rule of Civil Procedure 59(e), Appx502, arguing that a "modified judgment" was warranted "based on newly discovered evidence that was not available at the time of the Court's Order," Appx505.

EscapeX attached two new declarations, both short. One was from its president, Carlos Gorrichategui, who said he "employ[s] professionals" to "draft claim charts that verify infringement." Appx505; Appx512. The other was from Simon Sunatori, an engineer who said he had done EscapeX's pre-suit investigation into YouTube Music and YouTube Video and "began" claim charts in 2021. Appx505; Appx514-15. EscapeX argued that the two two-page declarations showed that "meticulous steps were undertaken" to

investigate infringement and that a "professional engineer" had "meticulously" prepared claim charts. Appx505. EscapeX also stated that an unspecified attorney had "reviewed" the claim charts. Appx505.

EscapeX's motion did not explain why its new declarations or arguments were "newly discovered evidence." Appx505. And although EscapeX mentioned the "manifest injustice" standard in its legal-standard section, *see* Appx504, it presented no argument that "manifest injustice" had occurred here, *see* Appx505-10.

EscapeX's motion raised many other arguments. *See* Appx507-09. It insisted that a fees motion could be based only on merits positions addressed by the court in motions practice *before* the fees motion. Appx507-08. It argued that Google's merits arguments justifying fees were "conveyed solely through off-the-record letters" instead of briefs or pleadings. Appx507. It contended that another court's §101 opinion meant that its infringement case was complex. Appx508. It claimed that its false statements were not misconduct. Appx509. And it argued that Google's evidence was insufficient. Appx509-10. The motion largely reasserted things EscapeX had already argued, Appx535-36, and did not explain why any new arguments could not

have been raised in its opposition.[2]

Google responded that EscapeX's declarations were not "newly discovered evidence," explaining that EscapeX could have submitted them when briefing the fees motion but chose not to. Appx530-33. EscapeX never disputed this. Google also explained that even if the two declarations were considered, they did not warrant amending the fees award. Appx533-35. Google noted that the court had told EscapeX's counsel not to submit more declarations because it already had the opportunity to do so. Appx529-30 (citing Appx484-86 (7:9-24, 9:2-11)). Google also detailed how EscapeX's remaining arguments rehashed things the court already rejected. Appx535-36.

EscapeX did not file a reply brief.

The district court denied EscapeX's motion in a docket order, observing that EscapeX had "wholly failed to meet the Rule 59(e) standard for amending a judgment." Appx3.

---

[2] EscapeX's motion also challenged the amount of the fees award. Appx509. It again included only arguments that EscapeX made or could have made in its opposition, and it did not explain why it had waited to make those arguments until after the order. Appx509-10. EscapeX does not challenge the amount of the fees award on appeal.

**D.  Google sought further attorneys' fees under § 1927 based on EscapeX's frivolous Rule 59(e) motion and refusal to withdraw it.**

Before filing its opposition to EscapeX's Rule 59(e) motion, Google tried to avoid needless briefing. Google's counsel emailed EscapeX's counsel, citing case law making clear that the declarations did not qualify as "newly discovered evidence" and requesting that EscapeX withdraw the motion or at least meet and confer. Appx571 ¶ 15; Appx575 (citing *School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); and *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). Google's counsel made clear that Google would seek sanctions if EscapeX did not respond or meet and confer. Appx575. EscapeX's counsel did not substantively respond to justify its "newly discovered evidence" theory and did not withdraw the motion. *See* Appx616. A few days later, Google's counsel left a voicemail asking again to meet and confer. Appx572 ¶ 16. With its response deadline approaching, Google proceeded to research, brief, and file a response.

Over the next few weeks, Google's counsel continued to reach out about the Rule 59(e) motion. Appx572 ¶¶ 17-18; Appx577; Appx580. When EscapeX's counsel finally conferred with Google's counsel, they failed to justify the motion and did not respond with any case law, but they also refused

to withdraw it. Appx572 ¶ 20. They also insisted that any fees motion by Google would be "an abuse of process." Appx585.

Because EscapeX's counsel had advanced a frivolous motion, unreasonably refused to withdraw it, and thereby inflicted unwarranted litigation costs, Google sought to recover its fees incurred in responding to EscapeX's motion and in bringing the fees motion. Appx554. Google also asked that those fees be levied on EscapeX's counsel. Appx554.

Google's motion explained that EscapeX and its attorneys had filed a frivolous Rule 59(e) motion to amend the judgment and unreasonably persisted in pursuing it. Appx555, Appx559-62. Google pointed out that EscapeX had not even tried to satisfy the Rule 59(e) standard, Appx559-60, and that EscapeX's counsel should have known that the motion was baseless. Google also noted that EscapeX's counsel had refused to withdraw the motion and had avoided justifying that refusal. Google also explained that EscapeX's purpose was improper: EscapeX's counsel had admitted that EscapeX's motion was designed to supplement the record on appeal, Appx561; *see also* Appx607; Appx612-13; Appx572 ¶ 20. Google thus contended that EscapeX's counsel had acted in bad faith or recklessly, warranting fees under § 1927.

Appx561.[3]

In response, EscapeX did not defend its failure to satisfy the "newly discovered evidence" standard. Instead, it suggested that its Rule 59(e) motion had been warranted to avoid "manifest injustice" and that it was just doing its client's bidding under "unusual circumstances." Appx600-01. EscapeX insisted that it "did not ask the court for reconsideration … based on the submission of a new declaration" but instead had attempted "to make new arguments on the new evidence" to amend the judgment. Appx605.

Google's reply explained that EscapeX's failure to defend the sole legal standard argued in its Rule 59(e) briefing—"newly discovered evidence"— confirmed that its motion was frivolous as filed. Appx636-37. Google also explained that EscapeX's new "manifest injustice" justification was untimely, forfeited, and incorrect. Appx637-38.

At the hearing, the district court did not mince words:

> THE COURT: Okay. So, Mr. Ramey, it seems like … the motion that they are seeking sanctions for now was even more frivolous than the conduct I

---

[3] Google also cited the court's inherent power and §285 as additional grounds for fees, Appx554, Appx562-65, but those were not bases for the district court's supplemental fees award.

> sanctioned you for previously. So, why shouldn't I grant the motion for attorney's fee sanctions?

Appx687 (3:17-21). EscapeX's counsel doubled down on "unusual circumstances." Appx688 (4:6-10). He insisted that EscapeX had not "had the opportunity" to submit evidence of its pretrial investigation, but the court immediately pressed back. Appx688-89 (4:21-5:4) ("I mean, there was a motion for attorney's fees, and you had an opportunity to respond to it … I just don't understand what you're saying."). EscapeX's counsel said that "[w]e thought we adequately responded to it then" but "[t]he client wanted us to try to put in more." Appx689 (5:5-7).

The district court pressed Google too:

> THE COURT: And what's your argument for … bad faith as opposed to just incompetence?

Appx691 (7:16-17). Google explained that EscapeX's counsel had knowingly flouted a court order in submitting its declarations, which confirmed bad faith. Appx692 (8:4-15). Google also noted that recklessness was enough under § 1927 and argued that EscapeX's conduct had been at least reckless, Appx692-93 (8:20-9:12).

The district court granted Google's fees motion in part and denied it in part. It awarded a substantially lower amount than Google requested, Appx5,

but it agreed that EscapeX's counsel's conduct was vexatious under § 1927. The court reasoned that EscapeX's motion sought reversal of the award based on newly discovered evidence, but EscapeX neither met that standard (its declarations contained information that EscapeX knew at the time of briefing) nor tried to do so (its motion did not explain why that standard was met). Appx4. The court also agreed that it was reckless for EscapeX not to withdraw or amend its motion when informed of those problems. Appx5. As for EscapeX's new assertion of "manifest injustice," the district court observed that EscapeX had not argued that ground in its Rule 59(e) motion and that if EscapeX believed there was manifest injustice, its failure to include that in its motion was also evidence of recklessness or bad faith. Appx5.

Google had also asked the district court to sanction EscapeX's counsel for continued misconduct by extending the earlier § 285 award to them personally. Appx563-64. But the district court refused, reasoning that the request came too late. Appx6 n.1.

The court ultimately awarded Google $63,525.30 in fees, levied jointly and severally against EscapeX's attorneys. Appx5-6. On appeal, EscapeX again does not challenge the amount—only that fees were imposed at all.

**I. The district court did not abuse its discretion in finding the case exceptional and awarding attorneys' fees under § 285.** EscapeX brought a frivolous infringement case and litigated it unreasonably. That made this case stand out from others in a way that warranted a fees award.

The infringement theory in EscapeX's first amended complaint mixed features from two different products. Even a simple internet search would have confirmed as much, and EscapeX does not defend that complaint on appeal. EscapeX's second infringement theory in its second amended complaint was self-defeating because it accused a product that predated the patents, such that the product either anticipated EscapeX's patent or did not infringe it.

EscapeX argues that fees should be off the table because the district court did not adjudicate the merits before the fees briefing, but the frivolousness was apparent from the pleadings in light of indisputable facts. The court also properly found that EscapeX failed to conduct an adequate pre-suit investigation. Even if EscapeX did not forfeit its justifications of its investigation, it should have known that the accused product predated the asserted patent. EscapeX also insists that even though the accused product predated

the patent, Google practiced the claimed invention only afterward—but it provides no plausible basis for that argument.

The district court also properly concluded that EscapeX litigated unreasonably. Google repeatedly told EscapeX that its infringement allegations had fatal flaws, but EscapeX did not substantively respond apart from ditching its first defective theory in favor of its second. EscapeX also delayed dismissing the case after another court invalidated its patent, and did so only after Google's prompting. Even then, EscapeX filed a false stipulation without Google's consent that attempted to slip in a fee-insulating provision, and EscapeX's counsel's explanation confirmed that she signed and filed that stipulation unreasonably. Finally, EscapeX's conduct fit a pattern of abusive suits by EscapeX and its parent company DynaIP.

**II. The district court did not abuse its discretion in denying EscapeX's Rule 59(e) motion to amend the fees award.** In moving to modify the § 285 fees award, EscapeX cited two new declarations. The motion argued that the declarations were "newly discovered evidence," but EscapeX now concedes that it could have submitted them earlier, during briefing on Google's fees motion. The court did not abuse its discretion when it denied EscapeX's motion for failing to satisfy Rule 59(e).

EscapeX now argues that its motion was justified by unusual circumstances that led to manifest injustice. But the reality is that EscapeX wished in retrospect that it had said more when opposing Google's fees request. EscapeX argues that the record should have been fuller, but a Rule 59(e) motion is not a do-over and EscapeX already had an opportunity to make its arguments. EscapeX also argues that it was doing its client's bidding, but "manifest injustice" findings are reserved for situations that cause a party grievous consequences based on extraordinary circumstances outside its control. The circumstances were not extraordinary, EscapeX had full control over when it presented the declarations, and the natural consequences of a party's tactical choices are not manifest injustice. EscapeX also forfeited its manifest-injustice argument by not asserting it in its Rule 59(e) motion.

**III. The district court did not abuse its discretion in sanctioning EscapeX's counsel under § 1927.** The court sanctioned EscapeX's counsel personally because they recklessly maintained the frivolous Rule 59(e) motion in a way that multiplied the proceedings. Because EscapeX had no reasonable basis to assert that it satisfied the "newly discovered evidence" standard on which it relied, its motion was frivolous. And when Google pointed that out, EscapeX had a duty to withdraw or amend that motion rather than persist

with it. EscapeX did neither. On appeal, EscapeX argues that Google failed to show additional bad faith or misconduct, but Ninth Circuit law makes clear that recklessly persisting in a frivolous position is sufficient to warrant fees under § 1927. EscapeX again argues that it was merely doing what its client requested, but attorneys have obligations not to file frivolous motions even when their clients want them to. EscapeX also asserts that its new declarations were not baseless, but that is immaterial because the relevant issue is whether its *motion to amend* was baseless.

**STANDARDS OF REVIEW**

**Attorneys' fees under § 285.** This Court reviews all aspects of determinations under 35 U.S.C. § 285 for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 561 (2014). Abuse of discretion is limited to errors of law, clear errors of fact, and unreasonable exercises of judgment. *Intirtool, Ltd. v. Texar Corp.*, 369 F.3d 1289, 1294 (Fed. Cir. 2004).

**Amending a judgment under Rule 59(e).** This Court reviews a district court's ruling on a motion under Federal Rule of Civil Procedure 59(e) under the standard of review of the regional circuit. *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1357 (Fed. Cir. 2019). The Ninth Circuit reviews a district court's decision on a Rule 59(e) motion for abuse of

discretion. *Kaufmann v. Kijakazi*, 32 F.4th 843, 847 (9th Cir. 2022).

**Sanctions under § 1927.** This Court reviews a district court's ruling regarding sanctions under 28 U.S.C. § 1927 under the standard of review of the regional circuit. *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003). The Ninth Circuit reviews a district court's decision regarding sanctions under § 1927 for abuse of discretion. *Oplus Techs., Ltd. v. Vizio, Inc.*, 782 F.3d 1371, 1374 (Fed. Cir. 2015) (citing *Trulis v. Barton*, 107 F.3d 685, 695 (9th Cir. 1995)).

## ARGUMENT

### I. The district court did not abuse its discretion in awarding fees under § 285 based on EscapeX's frivolous claims and unreasonable litigation behavior.

EscapeX fails to show that the district court abused its discretion in finding its case exceptional and awarding fees under § 285.

A district court may award reasonable attorneys' fees to a prevailing party in an exceptional case. 35 U.S.C. § 285. Google was a prevailing party because the case was dismissed with prejudice. *United Cannabis Corp. v. Pure Hemp Collective Inc.*, 66 F.4th 1362, 1368 (Fed. Cir. 2023). EscapeX no longer disputes that point. It also no longer disputes the amount of fees. It disputes only the exceptional-case determination.

An "'exceptional' case" is "simply one that stands out from others with respect to the substantive strength of a party's litigating position … or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Exceptionality is "a simple discretionary inquiry" that may consider "subjective bad faith or exceptionally meritless claims" as well as "frivolousness, motivation, objective unreasonableness …, and the need in particular circumstances [for] compensation and deterrence." *Id.* at 554-57 & n.6 (citation omitted). A "district court's exercise of discretion in awarding fees" receives "great deference." *Energy Heating, LLC v. Heat On-the-Fly, LLC*, 889 F.3d 1291, 1307 (Fed. Cir. 2018).

The district court acted within its discretion in concluding that this case stood out from others. Appx1-2. It stood out in the frivolousness of EscapeX's self-defeating infringement theories. It stood out in EscapeX's failure to adequately investigate before suing. It stood out in EscapeX's nonresponsiveness when Google tried to reason with it. And it stood out in EscapeX's behavior after its claims were invalidated elsewhere: a delayed dismissal that faked a signature and tried to sneak in a fee-insulating provision.

**A.** **The district court did not abuse its discretion in finding that EscapeX's infringement theories were frivolous.**

**1.** EscapeX pressed two infringement theories: one in its original and first amended complaints, and the other in its second amended complaint. Both theories were frivolous.

The obvious fatal flaw in EscapeX's first infringement theory was that it mixed and matched features of two different products, YouTube Music and YouTube Video, as though they were the same product. *See, e.g.,* Appx74-75 (accusing "Google YouTube Music"); Appx79-83 (identifying features from YouTube Music for preamble and "playing" limitations but features from YouTube Video for other limitations).

EscapeX does not defend that infringement theory on appeal. It admits (at 15) that it mixed and matched. And it does not dispute that a reasonable pre-suit investigation would have revealed that this infringement theory was baseless. Nor did EscapeX defend that mix-and-match theory below. When Google told EscapeX about that problem, *see* Appx194-96, EscapeX abandoned accusing YouTube Music, amended its complaint, and adopted its second theory.

The obvious fatal flaw in EscapeX's second infringement theory was

that it accused a product that predated the asserted patent. To be clear, Google maintains that YouTube Video with Auto-Add did *not* practice the claims. Google explained to EscapeX that YouTube is not an "artist *specific* application"—it streams music from *multiple* artists, exactly what the specification distinguished. Appx241-42 (citing Appx42 (4:62-64)). But even if YouTube Video with Auto-Add had practiced the claims, EscapeX's case was still hopeless.

If EscapeX had been correct that the accused product practiced the claims, then that product necessarily anticipated. *See, e.g., Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier."). Courts need not decide whether there was infringement in such a case because pleadings accusing a product constitute admissions that the product practices the claim limitations. *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000); *Evans Cooling Sys., Inc. v. Gen. Motors Corp.*, 125 F.3d 1448, 1451 (Fed. Cir. 1997). As long as the accused product predates the patent, the claims are invalid for anticipation. *Vanmoor*, 201 F.3d at 1366; *Evans*, 125 F.3d at 1451. This Court has affirmed a fees award based on a complaint having that same heads-you-win-tails-I-lose problem. *WPEM, LLC v. SOTI Inc.*, 837 F. App'x 773 (Fed. Cir. 2020).

EscapeX does not dispute that the accused Auto-Add feature predated the patent. Instead, it suggests (at 18, 20) that the accused feature did not practice all the claim limitations *before* the priority date, but somehow did so *afterward.* Yet EscapeX never provided any plausible reason to think that was true. And such "a conclusory assertion unaccompanied by developed argumentation does not preserve the issue for appeal." *Ajinomoto Co. v. ITC*, 597 F.3d 1267, 1278 (Fed. Cir. 2010). Moreover, EscapeX's infringement contentions identified the Auto-Add feature wholesale—not a particular version. *See* Appx221.

EscapeX alludes (at 42) to "Ms. Kalra's pleadings to the District Court that Google's product did not possess *an artist specific application* until after the '113 patent," citing "Appx0192 at 4 (5/10)" and "Appx0615 at 2-3." It is unclear what that means. Appx192 is a certificate of interest from another case and Appx615-17 is an email thread demanding that EscapeX withdraw its Rule 59(e) motion. Moreover, EscapeX's opposition to Google's motion for attorneys' fees did not argue that YouTube Video with Auto-Add acquired infringing functionality only after the priority date. *See* Appx428-29, Appx433. EscapeX argued that "whether and when YouTube Video had 'dynamic playlist' capability would be another matter for claim construction

and a tutorial." Appx429. Not only is that argument about a different claim limitation (*see* BlueBr42), but speculation about "whether and when" is not an argument that Auto-Add *actually* acquired infringing functionality after the priority date. The upshot is that Google provided clear evidence that Auto-Add predated EscapeX's patent, and EscapeX did not respond with any plausible evidence or argument that some post-priority version of that feature meaningfully differed from the pre-priority-date version in a way that would avoid EscapeX's *Evans/Vanmoor* problem.

EscapeX insisted below that infringement and validity turned on claim construction. Appx429, Appx433. But EscapeX's complaint was frivolous under *any* construction because what infringes if later anticipates if earlier. Moreover, EscapeX fails to identify what construction would have rendered its pleadings non-frivolous. It argues about various other aspects of the merits of its infringement claim, but those arguments are distractions too.

**2.** Failing to adequately investigate before suing independently justifies an exceptionality determination. *ThermoLife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1356 (Fed. Cir. 2019). The district court properly found that EscapeX did not adequately investigate its infringement theories. Appx1. EscapeX's contrary argument (at 15-20) fails for several reasons.

As an initial matter, EscapeX did not argue *in its fees briefing* that it conducted an adequate pre-suit investigation. *See* Appx426-36. It chose not to dispute that point even though Google's letters told EscapeX to preserve evidence of any investigation, Appx245-46, even though Google's motion raised inadequate investigation, Appx164-65, and even though EscapeX acknowledged the argument in its response brief, Appx426. Nor did EscapeX give details at the hearing when asked. Appx484-85 (7:2-8:6). It therefore forfeited that argument.

In any event, EscapeX's after-the-fact explanations still fail to show that it adequately investigated. EscapeX cites (at 20) evidence it chose not to submit and arguments it chose not to make when it opposed the fees motion. A district court cannot abuse its discretion by not considering evidence no one gave it. *See Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997) ("If a litigant seeks to show error in a trial court's overlooking an argument, it must first present that argument to the trial court."). And such evidence cannot provide a basis to overturn the district court's decision. *See Phonometrics, Inc. v. Westin Hotel Co.*, 319 F.3d 1328, 1333 (Fed. Cir. 2003) ("We, as a court of review, generally do not consider evidence that has not been considered by the district court.").

Even if EscapeX's belated excuses are considered, they fall far short. The two declarations attached to its Rule 59(e) motion, Appx512-16, merely presented two individuals' *subjective* beliefs—unsupported by details—that the infringement case was not frivolous. *See infra* Section II. Moreover, the declarations only addressed claim charts "prior to January 12, 2021," Appx512 ¶ 3, and did not explain how EscapeX could have adequately investigated its mix-and-match theory. EscapeX concedes (at 20) that the accused Auto-Add feature predated the patent, but it now argues that Auto-Add did not include a "dynamic album … in association with an artist specific application" before the priority date. EscapeX did not make that argument when it opposed the fees motion. *See* Appx428-29 (discussing other limitations, and vaguely suggesting that "whether and when" claim limitations were met "would be another matter for claim construction"). And even now EscapeX cites nothing that makes it plausible.

EscapeX insists (at 20) that Google's *noninfringement* position was "evidence" that EscapeX conducted an adequate investigation. That argument is both new and nonsense. Google never agreed that the accused product met the claim limitations. Google argued that its product *lacked* at least one limitation because an application like YouTube for multiple artists is not an

"artist specific application." But Google also argued that there could be no infringement anyway because the accused product predated the patent. *See* Appx239-40; *Vanmoor*, 201 F.3d at 1366; *Evans*, 125 F.3d at 1451.

## B. The district court did not abuse its discretion in finding that EscapeX litigated unreasonably.

EscapeX made things worse by litigating unreasonably. The district court properly based its § 285 award on that misconduct as well. Appx1-2; *see Octane Fitness*, 572 U.S. at 554.

**1.** For starters, Google repeatedly explained to EscapeX that its infringement positions had fatal flaws, but EscapeX persisted without substantively justifying itself. EscapeX says (at 20-21) that it "did … respond to Google's letters" but it cites only what it did regarding Google's *first* letter about its *first* amended complaint: pivot to a new infringement theory and amend. EscapeX carried on without addressing Google's repeated notices regarding the *second* infringement theory, and the district court properly took that into account. Appx1-2; *see Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 676 F. App'x 967, 973 (Fed. Cir. 2017) (exceptionality because party "was on notice" of issue "yet was not forthcoming on addressing or acknowledging it"); *ThermoLife*, 922 F.3d at 1358 ("[T]he presence of such notice, followed

by continuation of litigation, can be a factor in justifying an award of attorney's fees.").

**2.** EscapeX also acted unreasonably in the wake of the order invalidating its patent in the *Block* case. As the district court noted, EscapeX waited to dismiss its case here even after the time to appeal expired. Appx2. Even then, EscapeX acted only at Google's prompting. The court also properly faulted EscapeX for filing an unauthorized stipulation to dismiss with the parties bearing their own fees and costs, with a faked attorney signature. Appx2.

EscapeX does not dispute that Google had to push it to dismiss this case. It argues (at 21) that the gap was short and "[n]o action was taken by EscapeX" during that period. But EscapeX should have dismissed its case as soon as it could no longer maintain it.

EscapeX also downplays (at 22) its false attestation as a "mistake." Even now EscapeX refuses to accept the seriousness of what it did. There were two major problems. First, EscapeX's counsel falsely attested that she had Google's permission to take attorneys' fees off the table. Appx138. Second, she falsely attested that she had permission from one of Google's counsel to sign on her behalf. Appx139. EscapeX argues (at 22) that the fake stipulation was "corrected, the same day," but it failed to tell the district court

why it withdrew the stipulation, and it only "corrected" the stipulation because Google told it to.

EscapeX argues (at 22) that the "only evidence" about its ethical breach was Ms. Kalra's declaration, which it says confirmed it was a harmless mistake. But there was *also* evidence that Google did not consent to a stipulation, that Google had repeatedly told EscapeX that it planned to seek fees, and that Google demanded that EscapeX be honest with the court about why it withdrew the stipulation. Appx267.

Moreover, Ms. Kalra's declaration confirms that the false attestation was unreasonable and unprofessional. Appx438. "[U]nprofessional behavior" is "relevant to [an] award of attorney fees, and may suffice" by itself "to make a case exceptional." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1575 (Fed. Cir. 1996). Affixing another attorney's signature without adequately confirming consent is an "unreasonable manner" of litigating. Ms. Kalra did not verify that Google gave consent, and EscapeX failed to provide any evidence why anyone else at EscapeX thought Google did. Ms. Kalra refused to acknowledge that *no one* consented; she instead falsely implied that some *other* Google attorney consented. Appx438 ¶ 6. Ms. Kalra and EscapeX also failed to explain why she included the no-fees agreement despite Google's

repeated warnings that it intended to seek fees. Ms. Kalra simply passed the buck to support staff. Appx438.

**3.** Finally, the district court observed that EscapeX's conduct fit a pattern of abusive suits by EscapeX and its parent DynaIP. Appx2. EscapeX insists that no such pattern exists and that it would be improper to consider it anyway for lack of a "true nexus" to this case. EscapeX is wrong.

A "pattern of litigation abuses" by a party is relevant to an exceptional-case determination, *Rothschild Connected Devices Innovations, LLC v. Guardian Protection Servs., Inc.*, 858 F.3d 1383, 1390 (Fed. Cir. 2017) (quoting *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015)), and underscores the need for deterrence. EscapeX argues (at 25-26 (citing Appx2)) that it was error for the district court to consider it "misconduct" to try to "force a modest settlement" by "pestering" Google "with a frivolous suit." But although the mere fact of pressing a low-value suit may not be misconduct, pestering with a frivolous suit *is* misconduct. EscapeX similarly argues (at 26-27) that filing many cases and settling them for low amounts does not by itself "necessarily" make a case exceptional under § 285. But a pattern of low-value failed litigation is nonetheless relevant, *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1326-27 (Fed. Cir. 2011), especially when other evidence supports a

finding of abusive behavior.

EscapeX insists (at 22-24) that it "does not file frivolous suits" and that the district court "cite[d] no evidence" to conclude that it did. But EscapeX filed one here, and it did so before. Google explained, citing evidence, that EscapeX and its parent had litigated frivolous cases. EscapeX had its chance to address those arguments. After hearing both sides, the court agreed with Google. Appx2.

On appeal, EscapeX does addresses only one of those cases: *EscapeX v. Apple*. But its argument (at 23-24) confirms that EscapeX previously made the same sort of baseless claim about the '113 patent that it did here. *See* Appx271. After being informed that the accused product predated the '113 patent, EscapeX conceded that Apple did not infringe claim 1, which EscapeX had mapped in its complaint. Appx271. EscapeX argues that Apple may have infringed claim 27 instead, but the accused product predated that claim too.

In any event, the pattern was not essential to the fees award. The district court concluded that the case would have been exceptional due to its baselessness and lack of pre-suit investigation before and independent of its discussion of the pattern of frivolous suits. Appx2.

### C. EscapeX's other arguments also fail to show an abuse of discretion.

EscapeX's remaining arguments should be rejected both on the merits and because its positions would undercut the broad discretion the Supreme Court emphasized in *Highmark* and *Octane Fitness* and lend outsized leverage to filers of frivolous litigation.

Throughout its brief, EscapeX contends that a fees award is improper unless the district court previously adjudicated the merits of the infringement and invalidity issues. That is not the law. A court has the discretion to award fees based on issues that were "neither fully adjudicated nor even fully litigated" before the case ended. *ThermoLife*, 922 F.3d at 1356-57 (fees based on ill-supported allegations); *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 481-83 (Fed. Cir. 2016) (same). That is so because some cases are exceptional from the start. EscapeX's position would protect parties that file frivolous cases and tactically dismiss them before any merits adjudication and after forcing the other side to incur fees.

EscapeX complains (at 31) that it was "unable to address" Google's allegations of invalidity and noninfringement "on the record." But EscapeX had that chance during briefing. It had the opportunity to defend the merits

of its case if there had been anything to say, yet it chose to say next to nothing. Moreover, it could have responded *to Google* by defending or clarifying its position if its position were meritorious enough to make a fees motion unwarranted.

EscapeX also insists (at 30) that the fees award "lacked the necessary process." But aside from the frivolous Rule 59(e) motion and a passing oral request to submit untimely evidence, EscapeX never asked for any more process. EscapeX's opportunity to submit evidence in response to Google's fees motion was sufficient process. *See Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1065-66 (Fed. Cir. 1998) (party "not denied due process" because it "had an opportunity to oppose" a motion and "knew that the … issue was before the court," even if "it failed to [respond] adequately"). EscapeX's counsel suggested at the hearing that it wished to file declarations about the details of the pre-suit investigation, Appx484 (7:12-17), but the district court denied that request, Appx484-86 (7:18-22, 9:4-10), and EscapeX has not appealed that ruling.

EscapeX argues (at 10, 29-30) that this Court owes less deference to the district-court determinations because Judge Chhabria was assigned to the case after fees briefing was complete and lacked "familiarity" with the case.

There are three problems with that. The first problem for EscapeX is that the Supreme Court's *Highmark* standard applies abuse-of-discretion review to all § 285 determinations, not only in cases in advanced stages with long-assigned judges. Second, the fees award was based on the parties' communications and straightforward facts, which any judge could evaluate regardless of tenure on the case. Third, EscapeX's argument ignores that exceptionality is measured by a district court's view of whether a case "stands out" from others. District courts see many cases, and that experience tells them whether one "stands out" from others before them. Judge Chhabria's view is entitled to deference because of that experience.

EscapeX argues that "reasons similar to" *Gust, Inc. v. Alphacap Ventures, LLC*, 905 F.3d 1321, 1330-34 (Fed. Cir. 2018), render its case "not exceptional." But EscapeX fails to explain why *Gust* applies. *Gust* was a § 1927 case, so it did not deal with exceptionality under § 285. It featured an attorney whose sanction this Court reversed because the objected-to merits position was not frivolous, *id.* at 1331-32, the objected-to briefing was reasonable, *id.* at 1332-34, and the objected-to settlement conduct was the client's, not the attorney's, *id.* at 1334. Here, EscapeX's position was frivolous, its conduct was unreasonable, and the § 285 fees were assessed against the client.

EscapeX argues (at 24-27) that there is nothing inherently wrong with being a nonpracticing entity or settling for low amounts of damages. But the trouble comes when parties like EscapeX assert *frivolous* suits to extract nuisance settlements, which imposes a "harmful tax on innovation." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 646-47 (2015).

EscapeX also claims (at 19 (citing *Checkpoint Systems, Inc. v. All-Tag Security S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017))) that there was no evidence to overcome the presumption of good-faith patent assertion. But Google presented extensive evidence of EscapeX's failure to conduct adequate pre-suit investigation and the frivolousness of both of EscapeX's infringement theories. This Court rejected similar arguments in *WPEM*, in which fees were likewise based "on the frivolous nature" of the infringement position, "an issue that could have easily been foreseen with an adequate pre-suit investigation." 837 F. App'x at 774. Anyway, exceptionality under §285 does not require bad faith; it requires a case that "stands out" with respect to "the substantive strength of a party's litigating position" or "the unreasonable manner in which the case was litigated." *Octane*, 572 U.S. at 554.

Finally, EscapeX argues (at 28-29, 31) that "equitable discretion" should have weighed in its favor. But EscapeX does not show any abuse of

discretion by the district court. The district court was entitled to reject EscapeX's equitable pleas, and EscapeX improperly asks this Court to substitute its own discretion for the district court's. In any event, equity should not favor a plaintiff that frequently files frivolous low-value nuisance suits and consistently fails to engage.

## II. The district court did not abuse its discretion in denying EscapeX's motion to amend the § 285 award.

EscapeX moved to amend the § 285 award under Rule 59(e) based on "newly discovered evidence." Appx505. That evidence consisted of two short declarations that supposedly showed an adequate pre-suit investigation. Appx505. EscapeX did not explain why this evidence was "newly discovered," and the district court properly denied that motion because neither declaration satisfied that standard. Appx3. EscapeX's Rule 59 motion was frivolous, and its arguments on appeal are no better.

Under governing regional-circuit law, amending a judgment under Rule 59(e) is an "extraordinary remedy" that "should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 111 (9th Cir. 2011) (citation omitted). A district court has the discretion to amend a judgment under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the

district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier." *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020) (cleaned up).

### A.    EscapeX's Rule 59(e) motion undisputedly lacked "newly discovered evidence."

EscapeX's Rule 59(e) motion contended that a modified judgment was "warranted based on newly discovered evidence" showing that it conducted an adequate pre-suit investigation. Appx505-06. EscapeX no longer argues that its declarations contained "newly discovered evidence." For good reason: as it now concedes (at 39), it "could have presented the two declarations … in response to" Google's fees motion. Because the declarations were not "previously unavailable," they did not qualify as "newly discovered evidence" under controlling Ninth Circuit law. *Zimmerman*, 255 F.3d at 740; *see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 210, 212 (9th Cir. 1987); *School Dist. No. 1J*, 5 F.3d 1255, 1263. The arguments in

EscapeX's motion were also untimely because Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon*, 554 U.S. at 485 n.5 (citation omitted).

Google informed EscapeX of those problems after EscapeX filed its Rule 59 motion. Appx541. EscapeX did not withdraw the motion, but it effectively conceded the point: it never filed a reply, never disagreed that its evidence failed the "newly discovered evidence" test, and never disputed that it could have made those arguments earlier. It instead shifted to new justifications (discussed next). The district court properly found that EscapeX's Rule 59 motion was frivolous. Appx4; Appx687-88 (3:17-21, 4:4-5).

### B. EscapeX's "manifest injustice" argument is both forfeited and meritless.

EscapeX claims (at 32-33) that its motion was justified because of "highly unusual circumstances that resulted in … manifest injustice." That argument is both forfeited and wrong.

**1.** The argument is forfeited because EscapeX never made it in its Rule 59(e) motion. EscapeX cites arguments it made *later*, in response to Google's motion for sanctions. *See, e.g.*, BlueBr32 ("At the January 25, 2024 hearing

on the motion for sanction[s]…"). As the district court found, Appx5, EscapeX's Rule 59(e) motion was based solely on "newly discovered evidence." EscapeX argues (at 41) that its motion "did mention" manifest injustice and "discussed how the lack of a record likely resulted in an incorrect decision." But EscapeX mentioned the words "manifest injustice" only in the legal-standards section of its motion, Appx504, not in its argument, Appx505. *Kao Corp. v Unilever U.S., Inc.*, 441 F.3d 963, 973 n.4 (Fed. Cir. 2006) (deeming forfeited argument appearing in statement of standard of review but not argument section). And mere passing mention of "manifest injustice" was not enough because "skeletal or undeveloped argument[s]" are not properly preserved for review. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1296 (Fed. Cir. 2009). This Court need not go further. *GoE3 LLC v. Eaton Corp.*, 798 F. App'x 998, 999 n.2 (9th Cir. 2020) (declining to consider manifest-injustice argument not raised before the district court).

**2.** Even if EscapeX had made a manifest-injustice argument in its Rule 59(e) motion, it is meritless. A Rule 59(e) motion may not be used "to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon*, 554 U.S. at 485 n.5 (citation omitted); *Wells Fargo*, 979 F.3d at 1218. And "manifest injustice" does not include the natural

consequences of what a party chooses not to say. *See, e.g., Vega v. Comm'r of Social Sec. Admin.*, 472 F. App'x 827 (9th Cir. 2012) (affirming denial of Rule 59(e) motion for lack of manifest injustice where party "could have included the argument" in its earlier briefing); *Plestina v. Baetz*, 225 F. App'x 470, 471 (9th Cir. 2007) (same where arguments would be the "second bite at the apple").

True "manifest injustice" involves litigants caught up in extraordinary circumstances beyond their control, not plaintiffs facing the natural consequences of their choices. For example, in *Duarte v. Bardales*, 526 F.3d 563, 565-67 (9th Cir. 2008), the district court awarded custody of children to their father because their mother failed to appear at the custody hearing. The mother explained that her purse containing her passport and visa had been stolen in Mexico, making entering the United States for the hearing impossible. *Id.* at 566. The court refused to set aside the judgment without a "certified police report," even though it was impossible to obtain one from the relevant authorities in Mexico. *Id.* at 566-67. Losing a child because a court demanded

the impossible *is* manifest injustice, but nothing of the sort happened here.[4]

EscapeX's counsel argue (at 32) that their client "requested" that they file the motion, but that is irrelevant to the motion's merits. A belated client request does not create "highly unusual circumstances" or "manifest injustice."

EscapeX also says (at 33) that it "believed a more complete record would serve its due process needs and provide for substantial justice." But nothing would have stopped EscapeX from submitting its declarations with its opposition to Google's fees motion in the first instance. For the same reason, this Court should reject EscapeX's insistence (at 34) that the record was "partial" and that the district court "credited none of [the Rule 59 motion] evidence." Any incompleteness of the record was self-inflicted, and the record adequately supported the court's conclusion.

EscapeX insists (at 33-34) that a court's discretion in denying a Rule 59(e) motion "should be questioned" when based on a "partial record." There are three problems with that argument. First, EscapeX cites no law in

---

[4] The Supreme Court later abrogated a different part of *Duarte*: the applicability of equitable tolling. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014).

support. Second, the record was hardly "partial"—it was ample for the district court to find the case exceptional. And third, EscapeX had the chance to submit whatever it needed during briefing on Google's fees motion.

Finally, EscapeX cites (at 10-11, 33) what it calls four "highly unusual circumstances." But none justifies reconsidering an order based on evidence that a party chose not to submit in a timely manner.

First, EscapeX cites the "way in which the case arrived before the Distr[ic]t Court." It is unclear what EscapeX means. Perhaps EscapeX means that the case was reassigned to Judge Chhabria after Google's fees motion was briefed. But who the judge was and how long he had the case was irrelevant to whether EscapeX had a valid basis for its Rule 59(e) motion.

Second, EscapeX cites the "lack of a fully developed record on the pre-suit investigation." But if anything, that is an argument that EscapeX should have made in response to Google's fees motion. The state of the record was clear during briefing. EscapeX says (at 11, 33) that Google's motion "only attacked the pleadings," but Google's motion expressly raised the lack of pre-suit investigation, Appx164-65, so EscapeX knew that was at issue. In any event, a party has an obligation to reasonably investigate the infringement allegations that it files. If pleadings were frivolous as filed, either the party

did *not* adequately investigate or it did so but *knowingly* pressed a frivolous position. Either way, the investigation is relevant.

Third, EscapeX cites "the lack … of any prior motion to dismiss where the merits … could be discussed." EscapeX fails to tie that to Rule 59(e). In any event, EscapeX's pleadings were self-defeating because the accused feature predated the patent. Google should not have had to expend more money and time to ask the court to dismiss a case that EscapeX never should have filed and at least should have promptly withdrawn.

Fourth, EscapeX cites the "length of time the case was pending." It is again unclear what EscapeX means. If EscapeX means that the case was not pending for a long time, the answer is that the case should never have been filed in the first place, and the fact that Google did not incur millions of dollars of defense costs was reflected in the modest (and no longer disputed) size of the fees award.

**3.** EscapeX bears the burden of establishing harmful error, *Palmer v. Hoffman*, 318 U.S. 109, 116 (1943), and it cannot do so because its new declarations would not have justified amending the fees award.

The belated declarations contained the declarants' one-sentence statements that they *subjectively* believed that their claim charts were sound.

Appx513 ¶ 5; Appx515 ¶ 7. The declarations also contained conclusory legal arguments that Google did not show that the "dynamic album … in association with an artist specific application" element was present before the priority date. Appx513 ¶ 7; Appx516 ¶ 9. They also said that someone "began" claim charts in 2021. Appx515 ¶ 7. They did not, however, contain any details or evidence of an adequate pre-suit investigation. Such "conclusory and unsupported statements" have "no evidentiary value," and it would have been abuse of discretion to rely on them. *See Rothschild*, 858 F.3d at 1389. No manifest injustice results where evidence would not have changed the outcome. *Zimmerman*, 255 F.3d at 740-41.

Indeed, the declarations would have made things *worse* for EscapeX. One declaration admitted that EscapeX knew that Auto-Add existed *before* the priority date, even though EscapeX's infringement contentions asserted that the Auto-Add feature began *after* the priority date. *Compare* Appx515 *with* Appx211. That incongruity would have made EscapeX's problem worse, not better, because it underscored the sloppiness of how its counsel litigated the case. Furthermore, the declarations said that EscapeX began its claim charts in 2021 and "researched YouTube Music and YouTube Video" as part of its pre-suit investigation. Appx515-16 ¶¶ 7-8. But if so, that makes *even*

*worse* EscapeX's (1) mixing and matching YouTube Music and YouTube Video in its first infringement theory and (2) failure to realize that the accused feature predated its patent in its second infringement theory.

Even if the declarations were accepted, they would not have helped.

### III. The district court did not abuse its discretion in sanctioning EscapeX's counsel under § 1927.

#### A. EscapeX's counsel at least recklessly persisted in their frivolous motion to amend the first fees award.

Under settled Ninth Circuit law, § 1927 sanctions are appropriate when an attorney "recklessly raises a frivolous argument" that multiples the proceedings. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (emphasis omitted). That is what happened here.

EscapeX's Rule 59(e) motion was frivolous because it was "baseless and made without reasonable and competent inquiry" and contained "legal or factual contentions so weak as to constitute objective evidence of improper purpose." *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010) (citation omitted). The basis that EscapeX's Rule 59(e) motion invoked—"newly discovered evidence"—was baseless under controlling law and undisputed facts. *See supra* Section II.A. And the argument that EscapeX now advances— "unusual circumstances" causing "manifest injustice"—was never a basis

for its motion and was baseless as well. *See supra* Section II.B.

EscapeX's counsel acted at least recklessly. Had they researched controlling law, they would have known that the motion was baseless. Moreover, Google sent them the law. Appx616-17. At that point, EscapeX's counsel had a "duty to correct or withdraw" that motion rather than persist. *Girardi*, 611 F.3d at 1064. The Rule 59(e) motion recklessly failed to explain why EscapeX thought it met the "newly discovered evidence" standard. Appx5. EscapeX never defended invoking that standard. Instead, it later pivoted to two new justifications it had not briefed: that it wanted to supplement the record on appeal and that it wanted to avoid "manifest injustice." But if those were its actual grounds, it was reckless not to include them in the Rule 59(e) motion or a reply brief. Appx5.

The district court was therefore correct that the Rule 59(e) motion was frivolous and that EscapeX's attorneys were at least reckless in refusing to withdraw or amend it. Appx5. That behavior needlessly increased the time and effort the court and Google had to expend, and it satisfied § 1927.

## B. EscapeX fails to show any abuse of discretion.

**1.** EscapeX distorts the legal standard in suggesting (at 35-36) that Google had to prove "subjective bad faith" in addition to the reckless

frivolousness the district court found. As even EscapeX's cited cases make clear, "[b]ad faith is present" under §1927 "when an attorney knowingly or recklessly raises a frivolous argument." *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996) (cleaned up); *see also B.K.B.*, 276 F.3d at 1107 (same).[5]

EscapeX argues (at 35-36) that "fraud" or "abuse" or other egregious conduct are necessary before a court can invoke its inherent power, but the ruling was based on §1927, not on the court's inherent powers. EscapeX also argues (at 36) that §1927 only authorizes fees "associated with the persistent prosecution of a meritless claim" (quoting *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991)). But EscapeX persisted in prosecuting the meritless Rule 59(e) motion that caused the fees EscapeX had to reimburse.

EscapeX further argues (at 35) that an attorney should not be sanctioned for failing to abandon a client's case when challenged. But an attorney *also* has a duty to correct or withdraw frivolous arguments, *Girardi*, 611 F.3d at 1064, and a duty not to press them even if a client insists, *Eon-Net*, 653 F.3d

---

[5] EscapeX relies (at 35-36) on *New Alaska*, *Trulis*, and *Caputo*—each of which makes the same point.

at 1328. Disregarding those duties is sanctionable under § 1927.[6]

**2.** EscapeX also cannot show that the district court abused its discretion in applying the governing legal standard.

As explained above, EscapeX's "newly discovered evidence" justification was frivolous (*see supra* Section II.A), and EscapeX did not argue any other Rule 59(e) ground in its motion (*see supra* Section II.B). None of the other justifications EscapeX now suggests has merit.

EscapeX insists (at 39-40) that arguments or evidence "not previously considered" justify a Rule 59(e) motion. They do not: a Rule 59(e) motion "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier." *Wells Fargo*, 979 F.3d at 1218 (cleaned up); *Exxon*, 554 U.S. at 485 n.5.

EscapeX suggests (at 11, 37) that the "only evidence" was that "abundant care was taken to consider the nature of the evidence being submitted with the Rule 59(e) Motion." That is not true. The record showed that EscapeX's counsel developed the evidence belatedly, Appx612 ¶ 3, and could

---

[6] EscapeX cites *Stitt v. Williams*, 919 F.2d 516, 527-28 (9th Cir. 1990), but that case merely held that it was not sanctionable under Rule 11 to oppose a summary-judgment motion where the failed opposition was not frivolous.

have submitted it earlier, Appx541. EscapeX's counsel also cited baseless, vague reasons, Appx612 ¶¶ 3-4, ignored the controlling Rule 59(e) standard, Appx559-60, and failed to address Google's communications about the "newly discovered" standard, Appx571 ¶ 15. The declarations were conclusory and did not show "abundant care." *See* Appx512-16. If EscapeX's counsel *had* exercised "abundant care," they would have known that their "newly discovered evidence" argument was frivolous, would have included their "manifest injustice" argument if they really meant to make it, and would have known that "attempt[ing], in good faith, to make new arguments on the new evidence" (BlueBr37-38) is no basis for a Rule 59(e) motion, *Wells Fargo*, 979 F.3d at 1218. EscapeX contends (at 37-38) that it "did not ask the court for reconsideration of its prior ruling based on the submission of a new declaration." But it did just that. *See* Appx505 ("A modified judgment is warranted based on newly discovered evidence ….").

EscapeX argues (at 37-41) that its Rule 59(e) motion was justified because the record underlying the § 285 fees order was "lacking"—and necessary for "due process" reasons. There was no due-process problem or manifest injustice. *See supra* Section II.B. EscapeX had a full opportunity to submit evidence in its fees-motion opposition before judgment.

EscapeX cites (at 39-40) "unusual circumstances" that it says show a "competent inquiry" into whether it was proper to file the Rule 59(e) motion: the length and manner of Judge Chhabria's assignment to the case, the adequacy of the record concerning its pre-suit investigation, and the absence of a motion to dismiss. Appx612 ¶ 4. EscapeX could have addressed those circumstances in its § 285 fees briefing. They were not new. Nor were they unusual—or grounds under Rule 59(e). *See supra* Section II.B. Further, EscapeX did not discuss those circumstances or contend that it made a "competent inquiry" when opposing Google's § 1927 request. *See* Appx600-06. Those arguments are new on appeal, and they come too late.

EscapeX's counsel argue (at 39-40) that their client asked them to file the motion. That is not a proper basis for amending a judgment either, and EscapeX fails to connect it to any Rule 59(e) ground. Moreover, attorneys have ethical obligations not to do frivolous things even when their clients want them to. *See, e.g., Eon-Net*, 653 F.3d at 1328.

EscapeX argues (at 39-40) that its *declarations* would have to be "baseless" or exceptionally "weak" to make its Rule 59(e) motion frivolous. Not so. The issue was whether it was baseless to argue that the evidence was *newly discovered,* not whether the asserted facts were baseless.

EscapeX also relies (at 40) on *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1156-57 (9th Cir. 2024), but to no avail. The Ninth Circuit in that case sanctioned a trio of attorneys, but it did not sanction a fourth because, although she had "submitted frivolous arguments," she did not do so "with the requisite bad faith—i.e., recklessness." *Id.* at 1157. Here, in contrast, EscapeX's counsel were reckless. The non-sanctioned counsel in *Caputo* did not know certain key facts that made what she submitted frivolous. *Id.* Here the sanctioned counsel knew the facts all along.

EscapeX also argues (at 41) that sanctions are unwarranted unless its actions were "undertaken for some improper purpose." That is incorrect because recklessly making frivolous arguments is enough. *See supra* Section III.B.1. But EscapeX also had an improper purpose because it said it was attempting to supplement the record on appeal, Appx572 ¶ 20; Appx613 ¶ 5, yet appeals are decided on the record at the time of decision. *See, e.g., Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1380 n.1 (Fed. Cir. 2010) (refusing to consider evidence submitted below only after the motion under review).

**3.** Finally, EscapeX asks for an inappropriate remedy. It urges this Court (at 41) to reverse and "render judgment denying sanctions." But Google

asked for sanctions not only under §1927 (Appx559-61), but also under the court's inherent powers and §285 (Appx562-64). Google explained that EscapeX acted in bad faith, also justifying sanctions under inherent powers. Appx560-61. For example, EscapeX's counsel ignored the district court's admonishment not to submit more evidence. Appx484, Appx486 (7:18-24, 9:8-11). Willfully disobeying the court showed bad faith. *Ibrahim v. U.S. DHS*, 912 F.3d 1147, 1183 (9th Cir. 2019). Because the district court did not decide the inherent-powers or §285 issues, or all of Google's arguments under §1927, the proper course upon vacatur would be to remand for consideration of those alternative grounds.

## Conclusion

The awards should be affirmed.

Respectfully submitted,

Perkins Coie LLP
by /s/Jonathan I. Tietz
Jonathan I. Tietz

*Counsel for Google LLC*

## CERTIFICATE OF COMPLIANCE WITH TYPE–VOLUME LIMITATION

1.	This brief complies with the type–volume limitation of Federal Circuit Rule 32(b)(1). The brief contains 11,672 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2).

2.	This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). The brief has been prepared in a proportionally spaced typeface using Microsoft Word and 14-point Valkyrie A type.

Dated: June 17, 2024	/s/Jonathan I. Tietz

Jonathan I. Tietz