2024-1201

---

**United States Court of Appeals**
**For the Federal Circuit**

---

**ESCAPEX IP, LLC,**

*Plaintiff-Appellant*

**v.**

**GOOGLE LLC,**

*Defendants-Appellee*

---

Appeal from the United States District Court for the Northern District of California in No. 3:22-cv-08711-VC, Judge Vince Chhabria.

---

REPLY BRIEF OF
ESCAPEX IP, LLC

Attorneys for Appellants:

Ramey LLP

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4(a) and Federal Rule of Appellate Procedure 26.1, counsel for Appellant EscapeX IP, LLC ("EscapeX") certifies the following:

1. The full name of every party represented by the undersigned is EscapeX IP, LLC.

2. None/Not Applicable

3. None/Not Applicable

4. The names of all law firms and the partners or associates that appeared for EscapeX IP, LLC in the district court or are expected to appear in this Court are:

William P. Ramey, III
Susan Kalra
Ramey LLP

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. See Fed. Cir. R. 47. 4(a)(5) and 47.5(b).

1. None/Not Applicable

Date: July 5, 2024

/s/ William P. Ramey, III
William P. Ramey, III

## TABLE OF CONTENTS

REPLY ARGUMENT .......... 1

I. THE DISTRICT COURT ERRED WHEN IT AFFORDED ALL INFERENCES IN FAVOR OF GOOGLE BY FINDING THAT EXCAPEX SUED FOR PRIOR ART .......... 13

A. Google's Letters Are Attorney Argument .......... 3
B. This Case is About EscapeX .......... 6
C. There Was as Adequate Pre-Suit Investigation .......... 6
D. Ms. Kalra's Mistake .......... 7

II. THE COURT ERRED IN DENYING THE MOTION TO AMEND .......... 7

III. THE SANCTIONS UNDER 28 U.S.C. §1927 SHOULD BE REVERSED .......... 9

CONCLUSION AND RELIEF SOUGHT .......... 11

# TABLE OF AUTHORITIES

## Cases

Browning v. Kramer, 931 F.2d 340 (5th Cir.1991) ........................................11

*Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111 (9th Cir. 2024).. 11, 13, 15, 16

*Chambers v. NASCO, Inc.,* 501 U.S. 32 S. Ct. 2123, 115 L.Ed.2d 27 (1991) ........11

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371 (Fed. Cir. 2017) ............1

*Gomez v. Vernon*, 255 F.3d 1118 (9th Cir. 2001)..........................................12

*Gust, Inc., v. Alphacap Ventures, LLC*, 905 F.3d 1321 (Fed. Cir. 2018)................16

*In re Keegan Management Co.,* 78 F.3d 431 (9th Cir.1996)..................................11

*King Instruments Corp. v. Perego*, 65 F.3d 941 (Fed. Cir. 1995)............................1

*New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir.1989)..........11

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, (9th Cir. 1993) ........................................................................................7, 13

*Stitt v. Williams*, 919 F.2d 516 (9th Cir.1990)......................................................11

*Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347 (Fed. Cir. 2019)...................1, 8

*Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995)..............................................11

## Constitutional Provisions & Statutes

28 U.S.C. § 1927 ..........................................................................................11

28 U.S.C. § 1927 ..........................................................................................11

35 U.S.C. § 285 ............................................................................................14

## Rules & Regulations

Fed. Cir. R. 47. 4(a)(5) and 47.5(b) ...................................................... iv

Fed. R. App. P. 26.1 ..................................................................................... iv

<u>Fed. R. App. P. 32(a)(7)(B)</u> ...........................................................................19

Fed. R. App. P. Rule 32(a)(5) .........................................................................19

Fed. R. App. P. Rule 32(a)(7)(B)..........................................................................19

# TABLE OF ABBREVIATIONS

***Parties***

| | |
|---|---|
| Plaintiff/Appellant | EscapeX IP, LLC |
| Defendant/Appellee | Google LLC |

***Patents-in-Suit***

| | |
|---|---|
| The ’113 patent | U.S. Patent 9,009,113 (“Patent-in-Suit”) |

***Defined Terms***

| | |
|---|---|
| District Court | United States District Court for the Northern District of California, the Honorable Judge Vince Chhabria |
| Court of Appeals | United States Court of Appeals for the Federal Circuit |
| Asserted Claims | Claims 1, 14, 17, 27, 28, and 29- 12 of the ’113 patent |

All emphasis in this brief is added unless otherwise indicated.

# REPLY ARGUMENT

## I. ESCAPEX WAS NOT AFFORDED DUE PROCESS WHEN IT WAS SANCTIONED UNDER SECTION 285.

### A. The District Court Erred When it Afforded All Inferences in Favor of Google by Finding that EscapeX Sued the Prior Art

Not reversing this Section 285 award sets a dangerous precedent that allows a district court to take all inferences in favor of the moving party when it decides to award fees under the abuse of discretion standard regardless that no previous merits motion has been decided in the case. There is no question that EscapeX had a theory of why Google infringed and why Google's prior art product did not anticipate, namely that Google' product that predated the '113 patent did not have ***an artist specific application*** that facilitates changes to a dynamic album that includes a plurality of songs.[1] Not surprisingly, in response, Google maintained that its product YouTube Video was not ***an artist specific application***.[2] Thus, the parties disputed whether a claim element was present, which is normal litigation.[3] To be crystal clear,

---

[1] Appx0093-1 at 3/4.

[2] Appx0192 at 4 (5/10).

[3] Thermolife Int'l LLC v. GNC Corp., 922 F.3d 1347, 1363 (Fed. Cir. 2019) citing Checkpoint Sys., Inc. v. All-Tag Sec. S.A., 858 F.3d 1371, 1375 (Fed. Cir. 2017) (distinguishing legitimate "motivation to implement the statutory patent right by bringing suit based on a reasonable belief in infringement" from motivation "to harass or burden an opponent"); and King Instruments Corp. v. Perego, 65 F.3d 941, 950 (Fed. Cir. 1995) (recognizing deterrence value of enforcement actions).

EscapeX contended the ***artist specific application*** was a new feature to the YouTube Video product sued. It is not uncommon that new features are added to existing products, like a self-driving feature on tan Ford F-150. The Ford F-150 has existed for a long time but the self-driving function available on some models has not, just like the ***artist specific application*** not existing before the priority date of the '113 patent. Thus, EscapeX did not sue the prior art. It is an abuse of discretion to find otherwise under the facts of this case, especially considering the only briefing on the issues is the fee motion.

Notably, Google did not file a motion to dismiss where it could have made its point that EscapeX had failed to plausibly allege that YouTube Video was not ***an artist specific application.*** This Court can infer therefore that Google realized that under the deferential standard in a motion to dismiss EscapeX had in fact plausibly alleged that YouTube Video was ***an artist specific application***. However, as the '113 patent was invalidated by another court, no merits-based decision on EscapeX's infringement position was ever made.[4] How, therefore, can EscsapeX's infringement position serve as the basis for an award of fees? Such a result smacks of a lack of due process. EscapeX sued a product that existed prior to the filing date of the '113 patent but the product sued added ***an artist specific application*** after the

[4] EscapeX acknowledges that the '113 was invalidated in a merits-based decision.

filing date of the ‘113 patent.[5] The District Court never addressed this point and consequently erred. This case exemplifies why Section 285 awards should rarely, if ever, be granted when there is not a full record. Due Process was not afforded to EscapeX.

Perhaps the crowning reason the District Court must be reversed is that Google finally admits that its Auto-Add feature in the Google product sued by EscapeX is different than the Google product that pre-dated the ‘113 patent. Google states that EscapeX has not proven that there are any meaningful differences in the versions of the product.[6] However, this is the pleading stage and EscapeX did provide that the feature infringes and Google admits the versions are different. EscapeX should be allowed to prove its case other than in response to a Section 285 response.

**B. Google’s Letters Are Attorney Argument**

Judge Chhabria erred by crediting Google’s letters as establishing that an equitable award of fees under Section 285 was proper in this case. Google’s letters are attorney argument and not a reasoned opinion of a district court. The only evidence of record is that EscapeX dismissed its case within three weeks after deciding not to appeal the invalidation of the ‘113 patent. Under what standard can

[5] Appx0514 at 2-3.
[6] Appellee’s Brief at 20

this be deemed to be improper? Further, that an error was made in a dismissal document and corrected almost instantly should not serve as the basis for a finding of exceptionality, warranting fees. All evidence shows that EscapeX responded to Google's letters, specifically after the August 5th letter, EscapeX revised its infringement position and reached out to Google to discuss it,[7] filed an amended complaint[8] and served infringement contentions, inviting a merits discussion with Google.[9] The District Court erred by cherry picking only the facts asserted by Google. There simply is no basis to find that Google's letters or EscapeX's responses thereto or the dismissal support and award of fees. Googles letters are not the reasoned response of a District Court.

Google claims that EscapeX changes the product it sued.[10] However, only the title of the product was changed. Google had discontinued YouTube Music and rebranded the product as YouTube Video.[11] Google's claim that EscapeX does not defend that it mismatched products is false.[12] The elements of Google's product did not change, merely the title, the name. EscapeX's amended charts particularly

---

[7] Appx0203 at 1 and chart.
[8] Appx0093 and 15-1.
[9] Appx0212 at 1 and ICs.
[10] Appellee's Brief at 27.
[11] *Compare* Doc. Appx0099 with Appx0079.
[12] Appellee's Brief at 27.

alleged how Google's YouTube Video was ***an artist specific application*** that facilitates changes to a dynamic album that includes a plurality of songs:

| **US9009113 B1 Claim 1** | **YouTube Video** |
|---|---|
| receiving, by the user device, one or more album parameters that specify a change to be made to the **dynamic album that includes a plurality of songs**, wherein the dynamic album is stored via information encoding the plurality of songs at the user device in association with the **artist specific application that plays the dynamic album** at the user device; | <br><https://web.archive.org/web/20150726011321/https://support.google.com/youtube/answer/6083634><br>The reference describes receiving, by the user device, one or more album parameters that specify a change to be made to the dynamic album that includes a plurality of songs, wherein the dynamic album is stored via information encoding the plurality of songs at the user device in association with the artist specific application that plays the dynamic album at the user device [Playlists settings]. |

[13]

In response, Google stated that YouTube Video was not ***an artist specific application***.[14] Thus, the dispute was over the presence of a claim element. A dispute decided by the District Court in a motion for fees. EscapeX should be afforded greater due process than this? In this case, the District Court Judge was only

13 Appx0093-1 at 3/4.
14 Appx0192 at 4 (5/10).

assigned the case after the briefing on the motion for fees was complete. In other words, the District Court did not have familiarity with the case.

**C. This Case is About EscapeX**

The District Court erred by finding that conduct of the manager of EscapeX somehow supports an award of fees. Whether or not to award fees in a case should be based on the conduct in that case and not on alleged conduct in other cases, especially when there is no fact finding concerning those other cases. The District Court's finding that there is evidence that EscapeX should be sanctioned for pestering Google belies belief. Further, Googler's unsupported statement that DynaIp is the parent of EscapeX is not supported by the record. Google cites to no evidence that DynaIp is the parent, because these is none. While not part of the record, DynaIp is the manager of EscapeX and not the parent. There simply is no evidence that EscapeX litigated solely for nuisance value and as the District Court erred by finding that DynaIP's other cases support an exceptionality finding in this case. Such a result would certainly violate EscapeX's due process rights as it is not 'another company.' Rather, it is EscapeX and only its conduct should be considered in an exceptionality finding. The District Court must be reversed.

**D. There Was an Adequate Pre-Suit Investigation**

EscapeX completed an adequate pre-suit investigation. In response to Google Motion Under Section 285, EscapeX highlighted its infringement position.[15] In the motion to amend the judgment, EscapeX added facts about the pre-suit investigation, from the technical resources it used.[16] The facts are before this Court and for Google to provide otherwise smacks of a fraud on this Court. Google should not be rewarded with an award of fees when it distorts the record in this manner.

Google further confuses the issue by reasserting that the accused Google product predated that '113 patent. However, shortly before these words, Google admits that the Google product's features changed.[17]

**E. Ms. Kalra's Mistake**

Google's fascination in trying to disparage Ms. Kalra for an innocent mistake that was promptly corrected makes Google sound very petty. There is no evidence before the Court accept that the attestation was filed in error and corrected immediately. Google should be cautioned before it openly disparages opposing counsel. Google shows it lacks any decorum before this Court.

## II. THE COURT ERRED IN DENYING THE MOTION TO AMEND

There is one fact concerning the record that both EscapeX and Google agree on, there was no merits based decision except the merits based decision on the two

[15] Appx0422 at 8.
[16] Appx0615, *generally* and Appx0512, *generally*.
[17] Appellee's Brief at 30.

motions for sanctions. However, prior to that, not merits based motions were filed or decided by the District Court. That fact alone is unusual enough. However, when coupled with the manner in which the case arrived before the court and the length of time the case was pending before the District Court, warrant a finding of highly unusual circumstances that render the District Court's order denying the motion to amend an error.[18]

Google's allegation that the matter was waived is false as the issue was raised in the hearing on Google's Motion to Sanction Ramey and Kalra[19] and in the briefing.[20] As an award of fees is to be grounded in equity, a more complete record should be desired, especially one that adds facts that were not before the court previously. It was EscapeX that, after consultation with its lawyers, requested the motion to amend the judgment be filed.[21] In opposing the motion, it is Google that is improperly using a motion for attorneys' fees as a 'gotcha game" to ensnare EscapeX when a full record would show that there was nothing unreasonable in its conduct during the litigation.

Motions for sanctions are not supposed to be 'gotcha games' where an undeveloped record can be manipulated, as Google did with this one. There can be

[18] Appx0611 at ¶4.
[19] Appx0688-Appx0692.
[20] Appx0605-Appx0609.
[21] Appx0611 at ¶3.

no dispute that the record before the District Court was not well developed. Further, it cannot be disputed that EscapeX did present its infringement theory which included its validity theory, that Google's Accused Instrumentality did not have the '113 patent's distinguishing feature: i.e., "played by an artist specific application associated with an artist" prior to the filing date of the '113 patent.[22] Further, it cannot be disputed that the District Court credited none of this evidence for EscapeX. However, merits decisions on a partial record cannot be said to further any substantial purpose and possibly result in incorrect decisions, as EscapeX believes happened in the case. While a court has discretion in the grant or denial of a rule 59(e) motion, that discretion should be questioned when a denial results in sanctions to a party and its lawyers because of a partial record. Let the full record in and then determine the propriety of any sanction. A motion for sanctions should not be a "gotcha game" as this one became.

## III. THE SANCTIONS UNDER 28 U.S.C. §1927 SHOULD BE REVERSED

Ramey LLP has a mission of making patent litigation available to all patent owners with valid infringement claims. Ramey LLP is able to level the playing field by efficiently litigating patent infringement cases . Ramey LLP tries to make patent infringement litigation affordable for those patent infringement cases where the

[22] Appx0422 at 8.

potential damages make the case unattractive to most firms. Ramey LLP believes all meritorious claims can be pursued and all intellectual property owners deserve representation. Far too many patent plaintiffs are denied access to courts because of the costs. Ramey LLP does what it can to remedy that fact. That Google finds itself accused of infringing patents is not a commentary on Ramey LLP but rather the business practices of Google. Attacking the law firms representing proper companies will simply further deny access to the court for patent plaintiffs, a result Google seems to endorse. That Google attacks Ramey LLP and its lawyers for representing their clients is beyond the pale and should give pause to this Court. The District Court's sanction of William Ramey and Susan Kalra is solely designed to have a chilling effect on patent litigation and deny access to the courts for patent plaintiffs. Such a result cannot stand on the lack of record before the District Court.

As previously provided, the Ninth Circuit requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.[23] Here, the only evidence of record is that Ramey and Kalra made substantial inquiries into the bases of the Rule 59e motion before it was filed.[24] There simply is no evidence of bad faith, rather the opposite. EscapeX was trying to put forward a more complete and accurate record for the court.

[23] *See In re Keegan Management Co.*, 78 F.3d 431, 436 (9th Cir.1996).
[24] Appx0596 at 5-6.

The District Court's order sanctions presenting evidence that the District Court had not considered before. There was no request for reconsideration with a rehash of old arguments. Rather, EscapeX sought to have the truth before the District Court, whereas Google wanted anything but the truth. Under the facts of this case, it would likely have been malpractice not to put the evidence before the District Court once requested by the client. The District Court's Order sanctions conduct that is merely appropriately representing one's client. The District Court's Order, if not reversed, will have a chilling affect on patent plaintiff's access to the courts. Such a result cannot be what is intended under Section 1927. Here, under the facts of this case, bad faith should not be inferred from Ramey and Kalra's action as they are not so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.[25] Here, the record does not support bad faith but rather the interests of justice.

## CONCLUSION AND RELIEF SOUGHT

EscapeX IP, LLC seeks a reversal and rendering that the case is not exceptional and an Order relieving it from the District Court's Order awarding attorneys' fees under §285. Further, EscapeX requests the District Court's Order granting fees under §1927 is reversed as EscsapeX's counsel was representing their client.

[25] *See, e.g., Gust, Inc., v. Alphacap Ventures, LLC*, 905 F.3d 1321, 1331 (Fed. Cir. 2018).

Date: July 5, 2024

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
713-426-3923 (Telephone)

***ATTORNEYS FOR ESCAPEX IP, LLC***

## CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on July 5, 2024, by electronic means (by email or CM/ECF).

By: */s/ William P. Ramey, III*
William P. Ramey, III

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(B)

The undersigned counsel of records for Plaintiff-Appellant, EscapeX IP, LLC, certifies that this Principal Brief of Plaintiff-Appellants complies with the typeface requirement provided in Rule 32(a)(5) and type-volume limitation provided in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure. In preparing this certificate, I relied on word-count program of Microsoft WSSord 2023. This Brief contains 8,996 words.

Dated: July 5, 2024 By: /s/ William P. Ramey, III
William P. Ramey, III