# United States Court of Appeals for the Federal Circuit

---

**ESCAPEX IP, LLC,**
*Plaintiff-Appellant*

**v.**

**GOOGLE LLC,**
*Defendant-Appellee*

---

2024-1201

---

Appeal from the United States District Court for the Northern District of California in No. 3:22-cv-08711-VC, Judge Vince Chhabria.

---

Decided: November 25, 2025

---

WILLIAM PETERSON RAMEY, III, Ramey LLP, Houston, TX, argued for plaintiff-appellant.

JONATHAN IRVIN TIETZ, Perkins Coie LLP, Washington, DC, argued for defendant-appellee. Also represented by DAN L. BAGATELL, Hanover, NH.

---

Before TARANTO, STOLL, and STARK, *Circuit Judges*.

STARK, *Circuit Judge*.

EscapeX IP, LLC ("EscapeX") appeals an award to Google LLC ("Google") of attorneys' fees as well as the denial of EscapeX's motion to amend a judgment. We affirm.

I

EscapeX sued Google in the United States District Court for the Western District of Texas, asserting that Google's YouTube Music product infringed U.S. Patent No. 9,009,113 ("System and Method for Generating Artist-Specified Dynamic Albums") (the "'113 patent"). Google initially responded to the suit by sending a letter to EscapeX, stating, among other things, that EscapeX could not have conducted an adequate pre-suit investigation, since the features accused of infringing the '113 patent were not present in the accused YouTube Music product. EscapeX then filed an amended complaint in which it changed the accused product to YouTube Video with Auto-Add. Google responded in several subsequent letters, stating that internet searches would have revealed that this accused product existed before the priority date of the '113 patent – meaning that if it infringed the '113 patent then it also anticipated and invalidated it. EscapeX did not to respond to Google's request that EscapeX voluntarily dismiss the lawsuit.

In other correspondence, Google informed EscapeX that Google planned to file a motion to transfer the action to the Northern District of California and again requested confirmation that EscapeX would dismiss the case. Again EscapeX did not respond. Google then filed its transfer motion and supporting brief. When EscapeX failed to file a response, Google notified the court, which then noted EscapeX's "troublesome" and "repeated failure to file in a timely manner." J.A. 134-36. The court also granted Google's motion and transferred the case.

Shortly thereafter, in a separate case in which EscapeX was asserting the same '113 patent, a judge in the Southern District of New York found all claims of the '113 patent

to be directed to subject matter not eligible for a patent under 35 U.S.C. § 101. *See EscapeX IP LLC v. Block, Inc.*, 652 F. Supp. 3d 396, 408 (S.D.N.Y. 2023). EscapeX did not appeal this ruling. After Google again asked EscapeX to dismiss its suit, EscapeX filed what purported to be a "joint stipulation of dismissal," which represented that the parties "jointly stipulate to the dismissal of this action" and "further jointly stipulate and agree that each party shall bear its own costs, expenses, and attorneys' fees." J.A. 137-38. EscapeX's attorney attested in the stipulation that "concurrence in the filing of this document has been obtained from [Google's] counsel." J.A. 139. In fact, however, as EscapeX later acknowledged, EscapeX had not shared the stipulation with Google before its filing, had not obtained Google's consent to file it, and mistakenly represented to the court that Google had agreed to bear its own attorneys' fees. *See* J.A. 438 ¶¶ 5-6. Google demanded that EscapeX "immediately withdraw this stipulation[] and notify the Court that it was filed without Google's permission." J.A. 267. EscapeX withdrew the stipulation of dismissal that same day. J.A. 141-42. Several days later, with Google's consent, EscapeX filed a second "joint stipulation of dismissal," which made no representation that the parties had agreed to bear their own fees. J.A. 143-44.

Google then moved for attorneys' fees under 35 U.S.C. § 285, arguing EscapeX had advanced frivolous claims and unreasonably prolonged the litigation. EscapeX did not contest the facts alleged by Google; rather, EscapeX argued that Google was not a prevailing party[1] and that the case was not exceptional. Following oral argument, the district court granted Google's motion and ordered EscapeX to pay $191,302.18 to Google for attorneys' fees and costs it had incurred in the course of this case.

---

[1] EscapeX no longer challenges the district court's determination that Google was the prevailing party.

EscapeX subsequently moved, pursuant to Federal Rule of Civil Procedure 59(e), to amend the judgment, "based on newly discovered evidence" EscapeX asserted had been unavailable at the time of the district court's order granting attorneys' fees. J.A. 505. The "new evidence" consisted of two short declarations: one from EscapeX's president and the other from an engineer who had performed EscapeX's pre-suit investigation and prepared the claim charts that were attached to its amended complaint. J.A. 505-16. These declarations, according to EscapeX, showed that "meticulous steps were undertaken" prior to filing suit. J.A. 505.

Google sought to meet and confer with EscapeX before going to the expense of briefing its response to EscapeX's Rule 59(e) motion, which Google viewed as frivolous and had asked EscapeX to withdraw. Despite several follow-ups, EscapeX did not respond until weeks later, by which time Google had already had to file its response to the motion. J.A. 571-72. In that response, Google argued that the declarations violated a court order (that had rejected EscapeX's request for leave to file a declaration in opposition to Google's motion for attorneys' fees) and, in any event, they did not comprise "newly discovered evidence." J.A. 526-33. The district court agreed. Finding that EscapeX "wholly failed to meet the Rule 59(e) standard for amending a judgment," it denied the motion. J.A. 3.

Google then moved under 28 U.S.C. § 1927, 35 U.S.C. § 285, and the court's inherent powers to recover the fees and costs it incurred in opposing EscapeX's Rule 59(e) motion. Google argued that EscapeX's motion was frivolous and increased litigation costs, and further that EscapeX's counsel had acted recklessly or in bad faith. In opposition, EscapeX suggested that the basis for its motion had been to eliminate the "manifest injustice" of the court's attorneys' fees award. At a hearing on Google's motion, the district court made clear that it believed EscapeX's Rule 59(e) motion had been frivolous. It granted Google's motion,

awarding an additional $63,525.30 in attorneys' fees and costs, and held that EscapeX and its attorneys were jointly and severally liable for this amount.

EscapeX timely appealed. The district court had jurisdiction under 28 U.S.C. § 1338, and we have jurisdiction under 28 U.S.C. § 1295(a)(1).

II

"Federal Circuit precedent applies to a district court's decision to award fees pursuant to § 285." *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, 41 F.4th 1372, 1378 (Fed. Cir. 2022); *see also Blackbird Tech LLC v. Health in Motion LLC*, 944 F.3d 910, 914 (Fed. Cir. 2019) ("We apply Federal Circuit caselaw to the § 285 analysis, as it is unique to patent law.") (internal quotation marks and brackets omitted). "We review § 1927 motions under the law of the regional circuit," here the Ninth Circuit. *United Cannabis Corp. v. Pure Hemp Collective Inc.*, 66 F.4th 1362, 1367 (Fed. Cir. 2023). "We also review a district court's denial of a Rule 59(e) motion to amend a judgment . . . under the regional circuit's law." *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1357 (Fed. Cir. 2019).

We "review all aspects of a district court's § 285 determination for abuse of discretion." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 561 (2014). The Ninth Circuit reviews decisions on motions to amend a judgment under Rule 59(e) and sanctions under § 1927 for abuse of discretion. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 847 (9th Cir. 2022) (relating to Rule 59(e)); *Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1995) (relating to 28 U.S.C. § 1927). "[A]n abuse of discretion may be found when the decision rests on an erroneous interpretation of the law or on clearly erroneous factual underpinnings, or absent such errors, when the court's decision represents an unreasonable judgment in weighing relevant factors." *Intirtool, Ltd. v. Texar Corp.*, 369 F.3d 1289, 1294 (Fed. Cir.

2004); *see also Realtime Adaptive Streaming*, 41 F.4th at 1378.

We reject EscapeX's suggestion that the degree of deference given to a district court is somehow related to the amount of time the district court presided over a case.[2] *See, e.g.*, Open. Br. at 10 ("While this Court reviews for abuse of discretion, in part because of a district court's familiarity with the case, when that familiarity is not present or less, such as in this case, the deference to the District Court should likewise be less."); *see also id.* at 7-8 ("[T]he District Court abused its discretion in finding the case

---

[2] EscapeX cites *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019), in support of this dubious proposition. *See* Open. Br. at 18-19, 29-30. There, we affirmed an award of fees under § 285 that was premised on the district court's "conclusion that plaintiffs were unjustified in alleging infringement in the first place, having failed to do an adequate pre-filing investigation." 922 F.3d at 1350. We specifically held there was no "abuse of discretion in the district court's resting its exceptional-case determination on an examination of an issue – infringement, and specifically the basis for alleging infringement – that was neither fully adjudicated nor even fully litigated before the judgment on the merits." *Id.* at 1356-57; *see also Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016) (no abuse of discretion in finding case exceptional under § 285 even where non-infringement had not been adjudicated before the asserted claims were invalidated). While we added that "more process may well be needed on a fees motion when the issue presented as a basis for fees has not previously been litigated," 922 F.3d at 1357, we neither held nor even suggested that the amount of time or effort a district court expends on a case impacts the degree of deference we accord its judgments.

exceptional and awarding fees . . . [because it] issued its Order after it had been on the case for only two months and without deciding any other motion in the case."); *id.* at 40 (arguing that "the length of time the case was pending before the [District] Court" warrants reversal). Our standard of review is unaffected by the fairly short time the district court had the case. To hold otherwise would perversely suggest that a party could act in an otherwise sanctionable manner for a brief time and suffer no consequences, or, alternatively, act in a sanctionable manner and then agree to a transfer and thereby purge itself of any responsibility for its bad acts. We decline to incentivize such tactics.

## III

EscapeX argues that the trial court abused its discretion in finding this case exceptional and granting attorneys' fees under 35 U.S.C. § 285. In particular, EscapeX contends that the district court failed to appreciate that EscapeX had performed an adequate pre-suit investigation and pressed only non-frivolous claims; it further alleges the court improperly considered EscapeX's lack of engagement with Google regarding transfer and dismissal. EscapeX also contends that the district court erred in denying its Rule 59(e) motion and in granting Google's subsequent motion brought under 28 U.S.C. § 1927. EscapeX's arguments lack merit.

### A

A district court may, in an exercise of its discretion, award attorneys' fees to the prevailing party in an exceptional case. *See* 35 U.S.C. § 285. The burden is on the moving party to prove, by a preponderance of the evidence, that the case "stands out from others," "considering the totality of the circumstances," including the strength of the parties' litigating positions and their conduct in the litigation. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). This "generous standard" recognizes "'the need in particular circumstances to advance considerations

of compensation and deterrence.'" *In re Rembrandt Techs. LP Pat. Litig.*, 899 F.3d 1254, 1277 (Fed. Cir. 2018) (quoting *Octane Fitness*, 572 U.S. at 554 n.6).

Here, the district court's finding that EscapeX failed to conduct an adequate pre-suit investigation is well-supported in the record and, as part of the totality of circumstances found by the court, renders its determination to award attorneys' fees under Section 285 an appropriate exercise of discretion. *See, e.g.*, *Bayer CropScience AG v. Dow AgroScience LLC*, 851 F.3d 1302, 1307 (Fed. Cir. 2017) ("We cannot say that the district court erred in reasoning that had [Appellant] conducted a more searching pre-suit investigation – at least of its own easily-obtainable evidence – it would have not filed suit. Nor did the district court err in treating pre-suit diligence as a factor in the totality-of-the-circumstance approach, as we have previously approved of this consideration in § 285 determinations.").

The district court found it was "obvious that EscapeX conducted no serious pre-suit investigation and that this case was frivolous from the start." J.A. 1. In reaching this conclusion, the court noted that EscapeX's original and first amended complaints "cobbled together features" from different Google products and that EscapeX's second amended complaint accused a product feature that preexisted the '113 patent. *Id.* The district court further found that EscapeX was "on notice of the baselessness of its claim early," at least from letters it received from Google, and then again when the Southern District of New York found its '113 patent ineligible under Section 101. J.A. 1-2. Neither the fact nor the substance of these communications is in dispute. *See, e.g.*, J.A. 194-202 (letter from Google to EscapeX asserting that complaint was "cobbled together," that "'113 patent is invalid," and "EscapeX failed to conduct an adequate pre-suit investigation"); J.A. 238-46 (second letter from Google reiterating prior points and notifying EscapeX that Google believed EscapeX "lacks a good faith basis for maintaining this action," which is "clearly

baseless" and a "nuisance," and warning of potential application for fees). From this record, the district court's finding that EscapeX did not conduct an adequate pre-suit investigation, but instead filed frivolous claims, is not clearly erroneous.

EscapeX insists that its infringement allegations were not frivolous because Google's accused "Auto Add" feature did not include an "artist specific application" until after the priority date of the '113 patent. Open. Br. at 20. According to EscapeX, this also demonstrates that it conducted an adequate pre-suit investigation. EscapeX failed to raise this contention before the district court in opposing the § 285 motion.[3] Moreover, EscapeX's claim charts make no allegations about "artist specific application" as part of its "Auto Add" allegations. J.A. 233-36. Thus, we discern no clear error in the court's finding that "[a] basic online search would have revealed that [Google's] accused 'Auto Add' feature predated EscapeX's patent." J.A. 1.

EscapeX argues the district court improperly placed weight in its analysis on correspondence between the parties, and EscapeX's general non-responsiveness to Google's efforts to meet and confer. "[W]e have stressed that one consideration that can and often should be important to an exceptional-case determination is whether the party

---

[3] EscapeX points us to an argument it made in support of a proposed claim construction, *see* J.A. 427-29 ("Google argues, without support, that YouTube Music is not an 'Artist Specific Application'"), but there was no reason for the district court to turn to claim construction (which had not yet even been briefed) in evaluating EscapeX's opposition to the attorneys' fees motion. *See generally SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) ("[A] passing reference to an issue will not suffice to bring that issue before this court.") (internal quotation marks and ellipses omitted).

seeking fees provided early, focused, and supported notice of its belief that it was being subjected to exceptional litigation behavior." *Thermolife*, 922 F.3d at 1357 (internal quotation marks and alterations omitted). Indeed, we have previously found that "the parties' communications" may be a basis to "affirm the district court's finding of exceptionality" when they show that "the lawsuit appears to have been baseless." *Lumen View*, 811 F.3d at 483. Google's exchanges with EscapeX, therefore, provide a data point the district court was permitted to consider as part of its evaluation of the totality of circumstances. J.A. 1-2 ("Google placed EscapeX on notice of the baselessness of its claim early and often."); *Thermolife*, 922 F.3d at 1358 ("[T]he presence of such notice, followed by continuation of litigation, can be a factor in justifying an award of attorney's fees.").

Finally, EscapeX suggests that the district court acted to punish it for being a non-practicing entity. The record reveals no evidence of such animus. The lone quotation EscapeX relies on as support for this proposition does not help it. What the district court said was: "This was, in short, an effort to force a modest settlement by pestering a tech giant with a frivolous suit on the assumption that the tech giant will prefer to capitulate than fight back." J.A. 2. The district court was not, in this statement or otherwise, placing weight on the mere fact of the patent owner's status as a non-practicing entity. Instead, it was considering, as part of its evaluation of the deterrent effect of an award of attorneys' fees, the frivolousness of the patentee's position and evidence it was asserted for reasons other than a genuine intent to proceed to adjudication. This is entirely proper. *See Lumen View*, 811 F.3d at 482-83 (affirming fee award where district court found "motivation for filing suit was to extract a nuisance settlement from [the defendant], and that [such a] 'predatory strategy' of baseless litigation showed the need for deterrence"); *see also SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015) ("[A]

pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285.").

Based on these findings, it was not an abuse of discretion for the district court to determine this case is exceptional and to choose, therefore, to award attorneys' fees to Google as the prevailing party. *See, e.g.*, *Octane Fitness,* 572 U.S. at 557 (explaining that assessing exceptionality calls for "discretionary inquiry" that may include consideration of "exceptionally meritless claims").

B

EscapeX additionally challenges the district court's denial of its Rule 59(e) motion to amend the judgment, by which it sought to reverse the § 285 award to Google. Specifically, EscapeX argues that the two declarations it attached to its motion constituted "new evidence" because they were "drafted in a way that the evidence was not evidence that had been considered before" by the trial court. Open. Br. at 10, 32. EscapeX further insists that in the "highly unusual circumstances" of this case, where the district court presided for only the short time after transfer, Google was able to "manipulate" the record, which should have caused the district court to permit EscapeX to supplement. Open. Br. at 32-34.

EscapeX is wrong. The Ninth Circuit allows amendment of a judgment under Rule 59(e) "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier." *Wells Fargo Bank, N.A. v. Mahogany*

*Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020) (internal quotation marks and emphasis omitted).

We agree with the district court that EscapeX "wholly failed to meet the Rule 59(e) standard for amending a judgment." J.A. 3. The declarations from EscapeX's CEO and one of its engineers were not "newly discovered evidence," as these witnesses were always within the control of EscapeX and their knowledge – including as to EscapeX's presuit investigation – was always available to EscapeX. These declarations reasonably could have been prepared and offered to the court much earlier.

EscapeX argues that it also invoked the "manifestly unjust" basis for amendment of judgment, but it cannot show us where it did so. Oral Arg. at 14:24-34.[4] Nor have we been able to find any such invocation of this grounds for relief under Rule 59(e). Thus, the argument is forfeited. *See SEKRI, Inc. v. United States*, 34 F.4th 1063, 1071 n.9 (Fed. Cir. 2022). In any event, we see nothing "manifestly unjust" in the district court's grant of Google's Section 285 motion, for all the reasons we have already explained. It follows, then, that there is no manifest injustice in the district court's denial of EscapeX's Rule 59(e) motion.

C

Finally, EscapeX argues the district court abused its discretion by granting Google's motion for additional attorneys' fees after the court denied EscapeX's Rule 59(e) motion, and imposing sanctions on EscapeX's attorneys, pursuant to Section 1927. EscapeX contends its attorneys "should not be sanctioned for failing to abandon [their]

---

[4] The oral argument recording is available at: https://www.cafc.uscourts.gov/oral-arguments/24-1201_06042025.mp3.

client's case at the drop of a motion." Open. Br. at 35. Again, EscapeX's positions lack merit.

Title 28 United States Code § 1927 further authorizes a district court to hold an attorney liable "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" when that attorney "so multiplies the proceedings in any case unreasonably and vexatiously." "Personal sanctions under section 1927 against an attorney are appropriate for conduct that viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Julien v. Zeringue*, 864 F.2d 1572, 1575 (Fed. Cir. 1989) (internal quotation marks omitted).

EscapeX's appeal of the § 1927 determination is premised on its view that the district court expected counsel to abandon their client based simply on Google's contentions. There is no indication the district court believed this, much less that it granted Google's motion on this basis. Instead, the district court explained it was granting Google additional attorneys' fees after its first award, and making EscapeX's attorneys jointly and severally liable for this additional amount, because "the attorneys for EscapeX acted recklessly by filing a frivolous Rule 59(e) motion that unreasonably multiplied the proceedings of this case." J.A. 4-5 ("EscapeX's attorneys' refusal to withdraw or amend their motion when informed by Google's counsel of its numerous problems, at a minimum, constitutes recklessness."). An attorney's obligation to zealously advocate for a client is not a license to ignore other duties, such as conducting an adequate pre-suit investigation and refraining from filing frivolous motions. *See generally In re PersonalWeb Techs.*, 85 F.4th 1148, 1159 (Fed. Cir. 2023) ("[Z]ealous representation is tempered by the obligation of counsel to assist the court by fully and fairly presenting legal issues relevant to the facts of the case. Exceptionality cannot hide behind a claim of zealous representation.") (internal citation omitted).

EscapeX's Rule 59(e) motion was frivolous because it was "baseless and made without reasonable and competent inquiry" and contained "legal or factual contentions so weak as to constitute objective evidence of improper purpose." *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010). Counsel here could have avoided sanction by simply not filing such a motion, which would not by any means have constituted abandonment of their client.

Hence, the district court did not abuse its discretion in granting Google's § 1927 motion.

IV

For the reasons stated, we affirm the district court's orders awarding Google LLC attorneys' fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927 and denying EscapeX's motion to amend the judgment under Federal Rule of Civil Procedure 59(e).

**AFFIRMED**

COSTS

Costs awarded to Google.